127 So.2d 182

Mrs. Odile V. Hubert TUCKER, as a Stockholder of Crescent City Laundries, Inc., etc.

v.

NEW ORLEANS LAUNDRIES, INC., Crescent City Laundries, Inc., et al.

No. 45385.

Feb. 15, 1961.

See also, 238 La. 207, 114 So.2d 866.

Richard A. Dowling, New Orleans, William G. McRae, for plaintiffs-appellants.

Sidney A. Wolff, New York City, Dufour, St. Paul, Levy & Marx, by Leonard B. Levy, New Orleans, Joseph F. Haas, Atlanta, Ga., Milling, Saal, Saunders, Benson & Woodward, by H. H. Hillyer, Jr., Agusto P. Miceli, Lemle & Kelleher, by Charles Kohlmeyer, Jr., Herbert S. Weil, New Orleans, for appellees.

HAWTHORNE, Justice.

These two suits, No. 310–040 and No. 315–261 on the docket of Division "C" of the Civil District Court for the Parish of Orleans, were consolidated in the court below and in this court. They are stockholders' derivative actions filed by Mrs. Odile V. Hubert Tucker as a stockholder of Crescent City Laundries, Inc., in behalf of herself and others similarly situated, to enforce rights alleged to belong to the corporation. The primary object of the suits is to have restored to the corporation property and assets alleged to be very valuable. The suits against all defendants were dismissed on various exceptions, and on July 7 and 11, 1960, devolutive appeals were granted to this court.[1]

■ A motion has been filed here alleging that this court is without appellate jurisdiction under Article 7, Section 10, of the Louisiana Constitution of 1921 as amended, and asking that the appeals be transferred to the Court of Appeal for the Fourth Circuit. The motion is well founded. Under Article 7, Section 10, as amended, only cases in five specified categories are appealable to the Supreme Court, and the instant cases do not come within any of these categories. Consequently we do not have appellate jurisdiction.

■■ These two cases were before this court on a prior occasion, and the judgments in both were reversed and the cases remanded to the district court for further proceedings. See 238 La. 207, 114 So.2d 866. At that time we had appellate jurisdiction of the cases under Article 7, Section 10, as it existed before amendment. Appellants argue that because we had appellate jurisdiction then, we still retain jurisdiction under the last paragraph of Article 7, Section 10, as amended, which provides that "If a case is appealed properly to the Supreme Court on any issue, the Supreme Court has appellate jurisdiction over all other issues involved in the case".

Appellants misconstrue this provision of the Constitution, which is without application here. The purpose of this provision is to prevent a division of appellate jurisdiction in any one appeal between this court and a court of appeal. What the provision means is that if an appeal is properly made to this court because the case falls within one of the categories stipulated in Article 7, Section 10, the whole appeal is before this court, and not just the issue which gives us appellate jurisdiction.

For the reasons assigned the appeals in these two cases are ordered transferred to the Court of Appeal, Fourth Circuit, provided that the records are filed in that court within 30 days from the date on which this decree shall become final; otherwise the

1. After judgment the universal heirs of plaintiff, who had died, were made parties plaintiff and appellant.

appeals shall be dismissed. Appellants are to pay the costs of the appeals to the Supreme Court; taxation of all other costs is to await final disposition of the cases.