806 So.2d 678 (2001)
LOUISIANA ELECTORATE OF GAYS AND LESBIANS, INC., A Louisiana Corporation Not For Profit, Laurence E. Best, Esquire, W. Lloyd Bowers, Esquire, John D. Rawls, Esquire, The Hon. Joan L. Ladnier, Kevin Besse, R.N., Jeanne M. Leblanc, ACSW, BCSW, etc.
v.
STATE of Louisiana, The Hon. Richard P. Ieyoub, Attorney General of Louisiana and The Hon. Harry F. Connick, District Attorney of Orleans Parish, Not Individually But Rather in Their Official Capacities, etc.
No. 99-CA-2949.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 2001.
Order Denying Rehearing and Granting Transfer February 7, 2002.
*679 John D. Rawls, New Orleans, LA, Counsel for Plaintiff/Appellant.
Richard P. Ieyoub, Attorney General, Charles H. Braud, Jr., Assistant Attorney General, Thomas S. Halligan, Assistant Attorney General, Louisiana Department of JusticeCivil Division, Baton Rouge, LA, Counsel for Defendant/Appellee.
Court composed of Judges MICHAEL E. KIRBY, TERRI F. LOVE, DAVID S. GORBATY.
Order Denying Rehearing En banc and Granting Transfer February 7, 2002.
Judge TERRI F. LOVE.

STATEMENT OF THE CASE
Appellants, a lesbian and gay citizens information organization and several lesbian and gay men individually, sued the State of Louisiana, its Attorney General and the District Attorney of Orleans Parish (individually and as the class representative of all prosecutors in the State). Appellants sought a declaration that the Louisiana Crime Against Nature statute, *680 La. R.S. 14:89, and several other statutes extending its effects (listed infra) were unconstitutional. Following a five (5)-day bench trial, the trial court declared the subject statute unconstitutional to a limited extent; i.e., in its aspects of violating the right to privacy as concerns non-commercial, consensual adult sexual conduct. The trial court rejected other constitutional challenges sought by the plaintiffs. From that judgment and the judgment denying new trial, appellants bring this appeal.
This appeal concerns a lawsuit familiar to this court; it has been reviewed by this court on four (4) previous occasions since its inception in June of 1994.[1] The case began in the procedural posture whereby the plaintiffs, a statewide lesbian and gay citizens information organization plus some individuals on their own, filed a petition for declaratory judgment declaring eleven (11) criminal statutes regulating certain sexual conduct to be unconstitutional. La. R.S. 14:89; La. R.S. 15:535; La. R.S. 15:536; La. R.S. 15:538; La. R.S. 15:540; La. R.S. 15:542(E); La. R.S. 15:543; La. R.S. 15:544; La. R.S. 15:545; La. R.S. 15:549; and La. R.S. 12:1041.
In addition, the suit sought to enjoin the enforcement of the subject statutes.
Plaintiffs maintain that these statutes violate the Louisiana Constitution because they: (1) constitute Bills of Attainder in violation of art. 1, § 23; (2) discriminate against plaintiffs as lesbians and gay men on the basis of physical condition, culture, and religion in violation of art. 1, § 5; (3) intrude on the privacy of the individual plaintiffs in violation of art. 1, § 5; (4) curtail and restrain the plaintiffs' freedoms of speech and press in violation of art. 1, § 7; (5) impair plaintiffs' right to assemble peaceably and to petition the government for redress of grievances in violation of art. 1, § 9; (6) discriminate, on the basis of physical condition, against plaintiffs in their access to public areas for assembly and in their access to governmental accommodations in violation of art. 1, § 12; (7) constitute a state endorsement of religious beliefs and an establishment of religion in violation of art. 1, § 8; (8) are arbitrarily applied and arbitrarily enforced against plaintiffs as lesbians and gay men and reward police misconduct in such application and enforcement in violation of art. 1, §§ 2 and 3; and (9) subject plaintiffs to excessive, cruel, and unusual punishment in violation of art. 1, § 20.
The plaintiffs sued the State of Louisiana, its attorney general and a defendant class represented by the district attorney for the Parish of Orleans and consisting of all district attorneys throughout the State, except for the District Attorney of Jefferson Parish.
The trial court, on June 23, 1994, granted in part the plaintiffs' application for a preliminary injunction prohibiting the enforcement of La. R.S. 14:89(A)(1) only as it prohibited non-commercial, consensual, private sexual conduct by adult human beings and further prohibited the enforcement *681 of La. R.S. 14:2(13)(bb), La. R.S. 15:535, La. R.S. 15:536, and La. R.S. 15:542(E) as related to the specified prohibition of La. R.S. 14:89(A)(1) during the pendency of these proceedings.
The five (5)-day bench trial took place during the week of October 26th through 30th, 1998. The new trial motion was heard on April 23, 1999 and on April 28, 1999, the trial court held a hearing on the motion to tax costs. The Reasons for Judgment were issued orally from the bench denying the motion for new trial. The trial court issued its Judgment and first set of Reasons for Judgment on March 17, 1999, wherein it found for the plaintiffs in part by declaring unconstitutional and permanently enjoining enforcement of the following statutes only insofar as they prohibited non-commercial, consensual, private sexual activity by adult human beings: La. R.S. 14:89(A)(1); La. R.S. 15:535; La. R.S. 15:536; La. R.S. 15:538; La. R.S. 15:540; La. R.S. 15:542; La. R.S. 15:542.1; La. R.S. 15:543; La. R.S. 15:544; La. R.S. 15:545; La. R.S. 15:549; and La. R.S. 12:1042.
The plaintiffs filed a motion for new trial concerning: (1) the dismissal of several of the plaintiffs who were not present in court to testify; (2) the mistaken reference to La. R.S. 1042; and (3) the assertion that La. R.S. 12:1041 should have been found unconstitutional in its entirety, and not merely as applied to private, consensual acts of adult sex. On May 6, 1999, the trial court granted the plaintiffs' motion for new trial, in part, to correct the typographical error regarding La. R.S. 12:1042, which was corrected to reflect instead 12:1041. In all other respects, the motion for new trial was denied.
The defendant Orleans Parish District Attorney filed motions to clarify judgment and for new trial on May 10, 1999, both of which the trial court denied on June 18, 1999 after a rule hearing.
The instant appeal filed by the plaintiffs is brought on two judgments: (1) the part of the March 17, 1999 Judgment declaring the targeted statutes to be constitutional; and (2) the Judgment on Motion for New Trial entered on May 6, 1999.

ANALYSIS
The threshold issue in this and every appeal is whether jurisdiction properly lies with this court. For the reasons set forth in this opinion, we conclude that this court does not have jurisdiction over this matter and that the signing of the appeal order by the trial court was erroneous.
Appellees have taken a direct appeal to the Louisiana Supreme Court on the trial court's Judgment finding unconstitutional certain of the criminal statutes. That appeal was taken pursuant to Louisiana Constitution, Article 5, Section (D), which provides:
In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed.
The plaintiffs argue that this court has jurisdiction, pursuant to the Louisiana Constitution, Article 5, Section 10(A)(1), over the issues that are not the subject of the State's appeal to the Louisiana Supreme Court; i.e., the statutes that were not determined unconstitutional by the trial court are not necessarily a part of the Supreme Court's review of the portion of the case on appeal. Citing Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697 (La.1993), appellants point to the following dicta as persuasive of their argument that it is optional for our Supreme Court, under La. Const. Art. 5, *682 Section 5(F), to extend its jurisdiction over all issues in the action before it, including the ones that appellants raise in the instant appeal before this court. In Church Point, Justice Kimball, writing for the majority, explained:
Under Article 5, Section 5(D) of the Louisiana Constitution of 1974, a case shall be appealable to the supreme court if a law has been declared unconstitutional.... Further, subsection (F) of Article 5, Section 5 provides that if the supreme court has appellate jurisdiction under Section 5, then that jurisdiction may extend over all issues involved in the civil action before it. Therefore, despite the State's arguments to the contrary, we may choose to exercise appellate jurisdiction over the exception of prescription in this case.
Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 700 (La.1993) (citations omitted). The appellees argue, on the contrary, that the Louisiana Supreme Court has no discretion about its appellate jurisdiction; rather, it is constitutionally fixed. Citing the Louisiana Constitution of 1974, Art. 5, Section 5(F), the State argues that the appellate jurisdiction of the supreme court extends to all issues in the case on appeal before it, the direct appeal filed by the State, which order was signed before appellants filed their motion for and obtained the order of appeal to this court. Section 5(F) provides:
Subject to the provisions in Paragraph (C), the supreme court has appellate jurisdiction over all issues involved in a civil action properly before it.
Section 5 (C), which is referred to in subsection (F), outlines the scope of review for the supreme court as follows:
Except as otherwise provided by this constitution, the jurisdiction of the supreme court in civil cases extends to both law and facts. In criminal matter, its appellate jurisdiction extends only to questions of law.
Although the dicta relied on by the plaintiffs in Church Point sounds somewhat discretionary at first blush, when the above quote is considered in context, and the interpretive jurisprudence concerning this issue is examined, the result is unambiguous.
The remainder of the quoted portion in Church Point concerning appellate jurisdiction continues:
We do not, however, interpret Article 5, Section 5(F) to mean that we have appellate jurisdiction over all issues raised in the plaintiff's petition but only those which have been ruled on by the trial court. Consequently, although it was argued by plaintiffs that the tax exemption scheme ... is unconstitutional, that issue is not before this court because it was not included in the partial motion for summary judgment nor ever ruled on by the trial court.
Id. at 701 (emphasis in original). Instructive of the actual significance of the quoted portion of the opinion in Church Point, supra, is the reference to Church Point's proposition regarding appellate jurisdiction, as explained by the supreme court two (2) years later in City of Baton Rouge v. Ross, 94-0695 (La/ 4/28/95); 654 So.2d 1311 by Chief Justice Calogero, writing for the majority and authoring a separate concurrence, the latter being quoted herein:
This Court has also, however, limited the application of Article V, § 5(F)'s "supplemental" appellate jurisdiction to those issues "which have been ruled on by the trial court," rejecting the contention that "all issues raised in the plaintiff's petition" are included in this jurisdictional grant. Church Point Wholesale Beverage v. Tarver, 614 So.2d 697, 700-01 (La.1993). *683 City of Baton Rouge v. Ross, 94-0695 (La.4/28/95); 654 So.2d 1311, 1328 n. 3 (concurrence opinion by Chief Justice Calogero addressing the constitutional issues that the majority refrained from addressing). In his concurrence, the Chief Justice continues to elucidate the evolution of Supreme Court appellate jurisdiction in this century:
The traditional rule in Louisiana was that when a case fell within the Supreme Court's appellate jurisdiction, this Court was entitled to review only those issues which had invoked its appellate jurisdiction and no others. The Supreme Court's jurisdiction in such matters was exclusive, with review of any other issues presented by the case being conducted in the proper circuit or appellate tribunal after the Supreme Court had completed its appellate review.
This approach continued to be the rule until the Louisiana Constitution of 1921 was amended by La. Acts 1958, No. 561. That amendment added the following language to the final paragraph of Article VII, § 10 of the 1921 Constitution, the section addressing the Supreme Court's appellate and supervisory jurisdiction:
If a case is appealed properly to the Supreme Court on any issue, the Supreme Court has appellate jurisdiction over all other issues involved in the case.
The Chief Justice referred to Tucker v. New Orleans Laundries, Inc., 241 La. 11, 127 So.2d 182 (1961), wherein the meaning of the amendment was first explained as follows:
The purpose of this provision [La. Const., Article 7, § 10, which is now expressed with only slight modification as Art. 5, § 5(F) ] is to prevent a division of appellate jurisdiction in any one appeal between this court and a court of appeal. What the provision means is that if an appeal is properly made to this court because the case falls within one of the categories stipulated in Article 7, Section 10, the whole appeal is before this court, and not just the issue which gives us appellate jurisdiction.
Tucker v. New Orleans Laundries, Inc., 241 La. 11, 127 So.2d 182, 183 (1961). Although the drafters of the Louisiana Constitution of 1974 moved the referenced provision from Article 7, Section 10 into Article 5, Section 5(F) and changed the language slightly, the essence remains the same. See also Lee Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La. L.Rev. 765, 803 (1977) ("And finally, Section 5(F) continues the prior law that the supreme court has appellate jurisdiction over all issues involved in a civil action properly before it.") (citing the 1921 La. Const. art. 7, § 10).
Moreover, the purpose underlying the constitutional provision, as enunciated by the Supreme Court in Tucker, remains sound. It defies logic and any consideration of judicial economy to split any case, much less a complex case, into different appeals within different tribunals, as the instant case aptly illustrates.

CONCLUSION
Therefore, because the appellees filed and received a signed order allowing the direct appeal on the portion of the trial court's judgment declaring unconstitutional certain aspects of the subject statutes, we hold that the Louisiana Supreme Court has appellate jurisdiction over all issues in the instant civil action before it. Consequently, jurisdiction does not properly lie within this court for the appeal under consideration, which appeal order was signed erroneously by a trial judge who was unfamiliar with the case.
*684 Lacking jurisdiction over the appeal, this court hereby dismisses the appeal.
APPEAL DISMISSED.

ORDER
This Court issued its opinion on November 14, 2001 dismissing the appeal filed by the plaintiffs, Louisiana Electorate of Gays and Lesbians, Inc. ("LEGAL"), for lack of jurisdiction. Instead, we determined that jurisdiction of plaintiffs' appeal properly lies with the Louisiana Supreme Court under Louisiana Constitution of 1974, Article 5, Section 5(F).
In response to that decision, LEGAL filed an Application for Rehearing En Banc/Motion to Transfer Appeal to Supreme Court of Louisiana wherein it requested that this entire Court reconsider its appeal or, alternatively, that this Court transfer the appeal previously dismissed to the Louisiana Supreme Court for consideration. After reviewing the motion and applicable law, we deny LEGAL's application for rehearing en banc, as concerns the revisiting of our November 14, 2001 decision on the jurisdictional issue, but grant LEGAL's motion to transfer this appeal to the Louisiana Supreme Court.

Application for Rehearing En Banc
The stated reasons underlying appellants' request are: (1) to promote justice, and (2) to expedite the "business of the Court." Citing the Uniform Courts of Appeal Rule 1-5,[1] appellants acknowledge that their argument is res nova, but argue that "every Honorable Judge of the honorable Court deserves the opportunity to consider and rule upon the outcome." This opportunity is not necessary because the outcome would not differ from the original opinion issued by the current panel.
Appellants further argue that if the original opinion stands unchanged, it will end the plaintiffs' case (but not the controversy). Plaintiffs reasonably could take writs to the supreme court armed with this court's opinion holding that jurisdiction properly lies with the supreme court. Presumably, to be on the safe side, appellant does not want to take the chance that such a writ would be denied, thus ending that aspect of plaintiffs' case, so is coming back to this court for another hearingor, a transfer to the supreme court.
Regarding the asserted error of law, there is nothing persuasive or new in appellants' argument. As this court previously held, Article 5, Section 5(F) of the Louisiana Constitution of 1974, and the interpretive jurisprudence, are determinative in establishing that the supreme court has jurisdiction over all issues involved in a civil case before it.[2] It makes more sense for the supreme court to consider not only whether the trial court's ruling concerning the un constitutionality of certain statutes was correct, but also whether that same court's ruling concerning the constitutionality of the other statutes was correct at the same time. Appellants assert that the court has indicated that it wants this court to consider the current assignments *685 of error. That argument, however, has no merit, for reasons fully discussed below. Moreover, if jurisdiction properly lies with the supreme court, that court is well equipped to consider what is presented to it.
Appellants' law of the case argument is simply that the supreme court already has indicated, by its October 11, 2000 order and subsequent refusals to clarify, that it wants the Fourth Circuit to review the issues on appeal.[3] The supreme court's October 11, 2000 order concerned the companion case, 99-CA-3357, and not the instant appeal filed by appellants. The rulings referred to by appellants on a different, although related, case do not constitute the law of the case in the instant appeal.
Appellants point to the October 11, 2000 remand by the supreme court to the district court subsequent to the lower court's March 17, 1999 ruling whereby it determined that certain statutes at issue were unconstitutional. In that same October 11, 2000 ruling, the supreme court lifted the stay in the Fourth Circuit that it had granted on June 14, 2000. Following the October 11, 2000 order, the State filed an application for clarification, which application was denied. The State then filed a motion for reconsideration of the court's order denying clarification of the October 11, 2000 order, which motion was also denied.
Appellants argue that the message sent by supreme court in its October 11th order, and subsequent refusals to clarify, is that the supreme court wants this court to review the issues presented herein. The supreme court, however, remanded the matter without vacating the district court's March 17, 1999 judgment, for further proceedings in light of the supreme court's intervening decision, State v. Smith, 97-KA-1393 (La.2/9/99), 729 So.2d 648. Although the supreme court lifted the stay of all proceedings in the Fourth Circuit, at that point in time, the issue of whether proper jurisdiction actually resided in the Fourth Circuit had been raised by the State, but not yet decided.
The State argued that because it had filed the petition for a direct, suspensive appeal to the supreme court, which order was signed by the trial judge on May 19, 1999, prior to the filing of plaintiffs' motion for appeal in the Fourth Circuit (signed by the trial judge on June 11, 1999), appellate jurisdiction had already vested in the supreme court and, therefore, the Fourth Circuit lacked jurisdiction. Of course, that argument was ultimately persuasive and the November 14, 2001 decision of this panel held as much.
The plaintiffs' argument that the law of the case was established by the supreme court is inaccurate. The highest court merely remanded the matter to the district court to consider its prior ruling in light of a newly-decided case, State v. Smith. The refusal of the supreme court to clarify its order concerning the remand and the lifting of the stay may have signaled merely that it was not telling the district court to change its judgment, but merely allowing the trial court to have the benefit of the recent jurisprudence in analyzing the issue *686 and alerting the Fourth Circuit that it was free to proceed in whatever manner it deemed appropriate. Because the supreme court remanded the suspensive appeal filed by the State, there was no point in the high court deciding at that point whether it would assume jurisdiction over the entire matter. Perhaps it left that decision to this court. If so, that decision has now been made, as evidenced in the November 14, 2001 judgment.
Therefore, appellants' application for en banc rehearing is denied.

Motion to Transfer Appeal to Supreme Court of Louisiana
Appellants' second request is to transfer the appeal to the supreme court rather than simply dismiss the appeal. Although the plaintiffs presumably could file a writ with the supreme court and allege that court's jurisdiction over the entire matter, as determined by this court in its recent decision, there is no reason for this court not to transfer the appeal pursuant to Louisiana Code of Civil Procedure article 2162 that provides:
An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court,.... If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer or retransfer it to the proper court.
La. C.C.P. art. 2162 (emphasis added).
Either approach, dismissing or transferring the appeal, is appropriate, according to art. 2162, but transferring the appeal would assure that the supreme court decides upon the issue of jurisdiction within the context of the entire case. Transfer also seems to be an appropriate option in view of the State's previous attempts to have the supreme court assert jurisdiction over the entire matter and to seek clarification when the court did not state its reasons for not asserting jurisdiction over the entire matter previously.
Therefore, LEGAL's motion to transfer the appeal is granted and the appeal is hereby transferred to the Louisiana Supreme Court under Article 5, Section 5(F) of the Louisiana Constitution of 1974.
APPLICATION FOR REHEARING DENIED; APPEAL TRANSFERRED TO LOUISIANA SUPREME COURT
NOTES
[1] Appellants took an emergency writ to this court challenging the denial of the temporary restraining order (No. 94-C-1177, La.App. 4 Cir. 6/20/94); the Jefferson Parish District Attorney took a writ to this court after the trial court certified the class, adopted the management plan, and denied the District Attorney's exceptions to class certification (No. 95-C-0692, La.App. 4 Cir. 6/26/95); this court denied the Orleans Parish District Attorney's writ application filed subsequent to the trial court's denial of the District Attorney's peremptory exception of nonjoinder of parties (No. 98-C-1710, La.App. 4 Cir. 8/10/98); and, finally, this court granted writs and quashed a subpoena issued to Richard P. Ieyoub personally after the trial court had denied the Attorney General's motion to quash the subpoena (No. 98-C-2565, La.App. 4 Cir. 10/28/98).
[1] Uniform Courts of Appeal Rule 1-5 provides in pertinent part: "[W]hen the court deems it necessary to promote justice or expedite the business of the court, the court may sit in panels of more than 3 judges or en banc."
[2] Article 5, § 5(F) provides: "Subject to the provisions in Paragraph (C), the supreme court has appellate jurisdiction over all issues involved in a civil action properly before it." Subsection C outlines the scope of review for the supreme court and states in pertinent part: "Except as otherwise provided by this constitution, the jurisdiction of the supreme court in civil cases extends to both law and facts.... [relating to criminal scope of review]."
[3] The State had filed a motion on April 7, 2000 for the supreme court to exercise jurisdiction over all the issues in the case and to issue a stay of the proceedings pending in the Fourth Circuit at that time. The court issued a stay on June 14, 2000, but waited for further action until State v. Smith, supra, was decided, which concerned one of the criminal statutes at issues in the instant case. Then, on October 11, 2000, the supreme court remanded the case back to the trial court and lifted the stay in the Fourth Circuit in the same ruling.