# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2010

No. 09-30795

Lyle W. Cayce
Clerk

ERIC HOLT,

Plaintiff - Appellee

v.

STATE FARM FIRE & CASUALTY CO.,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before BARKSDALE, STEWART, and SOUTHWICK, Circuit Judges.

CARL E. STEWART, Circuit Judge:

We are asked in this appeal to consider whether a prescriptive statute in Louisiana retroactively applies to Plaintiff-Appellee Eric Holt's cause of action. Holt's home in New Orleans, Louisiana suffered extensive fire damage in January 2007, and he sought to recover payment under his homeowners policy with Defendant-Appellant State Farm Fire & Casualty Company (State Farm). Dissatisfied with State Farm's response to his claim, Holt filed suit against the insurer in February 2008. Between the time Holt's cause of action arose in January 2007 and his lawsuit in February 2008, the state legislature amended

the applicable prescriptive statutes in the Louisiana insurance code. Previously, an insured had only 12 months from loss to file a suit; the amendment extended the prescriptive period to 24 months. State Farm moved the district court for summary judgment, arguing that Holt's suit was time barred and that he could not benefit from the extended prescription period. The district court denied the motion, concluding that the amended prescription period applied retroactively to Holt's claim. We affirm.

## I.

### A.

Holt was out of town when his property suffered extensive fire damage on or about January 17, 2007. When Holt returned to New Orleans and discovered the fire in February 2007, he contacted State Farm about his loss. State Farm refused to pay the claim. Holt sued State Farm in Louisiana trial court on February 12, 2008, and State Farm thereafter removed the suit to federal district court. Holt sought payment under his homeowners policy, as well as statutory penalties, general and specific damages, attorney's fees, and costs. State Farm denied liability. The insurance company also argued that Holt's claim was prescribed under both the contract and Louisiana insurance law.

In October 2008, State Farm moved for summary judgment on the basis of its prescription argument. State Farm argued that both the insurance policy and Louisiana insurance law required that Holt file his lawsuit within 12 months of January 17, 2007, the date his house suffered fire damage. Thus, because Holt's lawsuit was filed in February 2008, it was time barred. Holt opposed the motion, arguing that he benefitted from the 2007 amendment to the Louisiana insurance laws that extended the applicable prescription period from 12 months to 24 months. The amendment, Act 43 of 2007 (Act 43), became effective in mid-2007. Holt argued that because Act 43 went into effect before his cause of action had prescribed, the statute retroactively applied to his suit

No. 09-30795

and extended the prescription period, thereby rendering his lawsuit timely filed. State Farm countered that Act 43 could not be applied retroactively for two reasons: (1) it was a substantive law, and therefore, under Louisiana law, had prospective application only; and (2) even if it were not a substantive law and therefore capable of being applied retroactively, such application was unconstitutional. The district court denied State Farm's motion for summary judgment, concluding that Act 43 applied retroactively to Holt's claim. Finding that its order involved a controlling question of law as to which there was a substantial ground for difference of opinion, the district court certified the prescription issue for immediate appeal to this court. We granted State Farm leave to appeal, and have jurisdiction under 28 U.S.C. § 1292(b).

**B.**

The sole question presented in this appeal is whether Act 43, which extended the applicable prescription period in this case, applies retroactively to Holt's cause of action. Act 43 amended the prescriptive periods in two Louisiana insurance statutes: La. Rev. Stat. §§ 22:629(B) and 691(F).[1] The previous version of § 22:629(B) provided that for specified types of insurance, including fire, an insurance policy could not limit a right of action against an insurer to less than 12 months after the inception of the loss. Similarly, the previous version of § 22:691(F) provided that a suit for recovery under the standard fire insurance policy in Louisiana had to commence within 12 months after the inception of the loss. Act 43 changed the prescriptive periods in both statutes from 12 months to 24 months. It went into effect on August 15, 2007.[2]

---

[1] In 2009, § 22:629 was redesignated § 22:868, and § 22:691 was redesignated § 22:1311. *See* Acts 2008, No. 415, § 1.

[2] The Louisiana Constitution provides that, except where the legislature specifies an effective date for a statute, "[a]ll laws enacted during a regular session of the legislature shall take effect on August fifteenth of the calendar year in which the regular session is held." LA. CONST. art. III, § 19.

3

No. 09-30795

Finally, Holt's homeowners policy, which provided fire insurance to his property at all relevant times, specified that with respect to lawsuits against the insurer, "[t]he action must be started within one year after the date of loss or damage." The policy also stated that when a policy provision conflicted with the applicable state law, the state law would govern.

## II.

We review a district court's grant or denial of summary judgment *de novo*, applying the same standard as the district court. *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 259–60 (5th Cir. 2003). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The facts and evidence must be taken in the light most favorable to the non-movant. *Am. Int'l Specialty*, 352 F.3d at 260.

When, as here, jurisdiction is based on diversity, we apply the substantive law of the forum state. *Erie R. v. Tompkins*, 304 U.S. 64 (1938). To determine Louisiana law, we look to the final decisions of Louisiana's highest court. *Am. Int'l Specialty*, 352 F.3d at 260. In the absence of a final decision by that court addressing the issue at hand, a federal court must determine, in its best judgment, how the state's highest court would resolve the issue if presented with it. *Id.* As the Louisiana Supreme Court has not addressed the retroactive applicability of Act 43, the district court had to make an "*Erie* guess"; on appeal, we do the same, *de novo*.

## III.

Article 6 of the Louisiana Civil Code sets out the governing rule of statutory construction applicable to this case. That article, titled "Retroactivity of laws," states:

> In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative

4

> laws apply both prospectively and retroactively, unless there
> is legislative expression to the contrary.

A court's application of Article 6 requires a two-fold inquiry.[3] *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1063 (La. 1992). First, the court must ascertain whether in the enactment, the legislature expressed its intent regarding retroactive or prospective application. If the legislature did so, the judicial inquiry ends. If the legislature did not, the court must then classify the enactment as substantive, procedural, or interpretive.[4] *Id.* at 1063. Substantive laws "either establish new rules, rights, and duties or change existing ones." *Prejean v. Dixie Lloyds Ins. Co.*, 655 So. 2d 303, 308 (La. 1995). Procedural laws, in contrast, "describe the method of enforcing, processing, administering or determining rights, liabilities or status." *Id.* Thus, if a statute "merely prescribes the method of enforcing a right which previously existed or maintains redress for invasion of rights, it is classified as procedural." *Id.* Interpretive laws "merely establish the meaning that the interpretive statute had from the time of its enactment." *Id.*

As is clear from its text, Article 6 expressly authorizes the retroactive application of laws that a court deems procedural or interpretive. Indeed, the Louisiana Supreme Court over thirty years ago stated that according to its "consistent interpretation" of the Louisiana laws, procedural laws generally "will be given retroactive effect in the absence of language  showing a contrary intention." *Lott v. Haley*, 370 So. 2d 521, 523 (La. 1979). "This jurisprudential rule is subject to the exception that procedural . . . laws are not accorded

---

[3] A related statute, La. Rev. Stat. § 1:2 provides: "No Section of the Revised Statutes is retroactive unless it is expressly so stated." Section 1:2 has been held to apply only to substantive and not procedural or interpretive legislation. *Morial v. Smith & Wesson Corp.*, 785 So. 2d 1, 10 (La. 2001). It is therefore construed as being co-extensive with La. Civ. Code art. 6. *Id.*

[4] Although Article 6 employs the word "interpretative," the Louisiana Supreme Court has consistently discussed the statute using the slightly shorter variant "interpretive."

retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights." *Id.*

In determining whether Act 43 applies retroactively to Holt's cause of action, we start with the first prong of the Article 6 inquiry: whether the legislature expressed its intent regarding retroactive or prospective application. A review of Act 43 shows that it does not contain a clear and unmistakable expression of such legislative intent. We thus proceed to the second prong of the inquiry to determine whether Act 43 is substantive, procedural, or interpretive.

In Louisiana, statutes of limitation are generally treated as procedural laws. *Chance v. Am. Honda Motor Co.*, 635 So. 2d 177, 178 (La. 1994); *see also Lott*, 370 So. 2d at 523 (same). Under this "well established principle of statutory interpretation," statutes of prescription generally apply to all actions instituted after the effective date, even though the cause of action may have accrued before the enactment of the legislation. *Chance*, 635 So. 2d at 178. The Louisiana Supreme Court has specified two exceptions to this rule of retroactivity for prescriptive statutes: the statute is not retroactive where such application would (1) strip a party of a vested right, or (2) revive an already prescribed cause of action. *Lott*, 370 So. 2d at 523–24. With respect to the first, when a party acquires a right either to sue for a cause of action or to defend himself against one, that right becomes a vested property right and is protected by due process guarantees. *Falgout v. Dealers Truck Equip. Co.*, 748 So. 2d 399, 407 (La. 1999). With respect to the second, the Louisiana Supreme Court has explicitly declined to retroactively apply a prescription statute to revive an already prescribed cause of action. *See Chance*, 635 So. 2d at 179. This is because while a defendant does not acquire anything during the running of the prescriptive period, once the time period has elapsed, the defendant may plead the exception of prescription to defeat the plaintiff's claim. *Id.* at 178. Once the defendant's right to plead prescription has vested, any retroactive application of

an extended prescriptive period would improperly disturb that vested right, and is therefore impermissible. *See id.* ("Because the defendant acquires the right to plead the exception of prescription, a change in that right constitutes a substantive change in the law as applied to the defendant.").

Despite the "well established principle" in Louisiana that prescriptive statutes are generally procedural, State Farm argues that Act 43 is substantive and therefore applies on a prospective basis only. In support of its argument, State Farm relies solely on a Louisiana Supreme Court case that was decided on an expedited basis to address the legislature's extension of the prescriptive period for insurance claims arising from Hurricanes Katrina and Rita. *See State v. All Prop. and Cas. Ins. Carriers Authorized & Licensed to Do Bus. in the State of La.*, 937 So. 2d 313 (La. 2006). In the wake of those two hurricanes, the Louisiana legislature enacted Acts 2006, Nos. 739 and 802 (collectively, 2006 Acts), to extend the prescriptive period within which insured parties could file certain claims under their insurance policies for Katrina- and Rita-related losses. *Id.* at 317. The issue presented was whether the 2006 Acts were constitutional. *Id.* at 319.

The Louisiana Supreme Court, undertaking the two-prong analysis under Article 6 of the Louisiana Civil Code, first concluded that the 2006 Acts clearly indicated the legislature's intent that the provisions be applied both retroactively and prospectively. *All Prop.*, 937 So. 2d at 322. With this conclusion, the Article 6 inquiry should have ceased. *See Morial v. Smith & Wesson Corp.*, 785 So. 2d 1, 10 n.8 (La. 2001) ("The Article 6 inquiry is at an end because we can determine the legislature's intent regarding retroactive application of the statute.").[5] The court itself recognized as much: "Our finding

---

[5] *See also Bourgeois v. A.P. Green Indus. Inc.*, 783 So. 2d 1251, 1258 (La. 2001) ("An analysis of whether an enactment is substantive, procedural or interpretive is necessary only in the event that the legislature's intent regarding retroactive application . . . cannot be

No. 09-30795

of the legislature's intent to have the provisions of these Acts apply retroactively and prospectively would normally end our inquiry." *All Prop.*, 937 So. 2d at 322. Under its usual Article 6 analysis, the court would have next considered any constitutional limitations to the retroactive application of the statute. *See, e.g., Smith v. Bd. of Trustees of La. State Employees' Ret. Sys.*, 851 So. 2d 1100, 1105 (La. 2003) ("[E]ven where the legislature has expressed its intent to give a substantive law retroactive effect, the law may not be applied retroactively if it would impair contractual obligations or disturb vested rights."). If there were none, the court would defer to the intent expressed by the legislature. *Rousselle*, 633 So. 2d at 1245.

But in *All Prop.*, the Louisiana Supreme Court eschewed its usual Article 6 analysis. Despite concluding that the legislature clearly intended the 2006 Acts to have retroactive application, the court felt obligated to reach the second prong of the Article 6 inquiry and classify the statutes as substantive, procedural, or interpretative. *See All Prop.*, 937 So. 2d at 322. The court first noted that "prescriptive statutes are generally procedural in nature, which would allow retroactive application of these Acts to causes of action that arose prior to their effective dates." *Id.* However, because "the legislation at issue has the effect of extending a prescriptive period," the court concluded that the 2006 Acts were substantive in nature. *Id.* at 323 (citing *Chance*, 635 So. 2d at 178). The court then undertook the requisite constitutional analysis, and concluded that the retroactive application of the 2006 Acts did not violate the federal or Louisiana constitutions. *Id.* at 330.

State Farm argues that because the Louisiana Supreme Court in *All Prop.* concluded that the 2006 Acts were substantive laws, we must conclude the same with respect to Act 43. We disagree. To begin with, the clear weight of the

determined."); *Rousselle v. Plaquemines Parish Sch. Bd.*, 633 So. 2d 1235, 1245 (La. 1994) ("[T]he first step of the article 6 inquiry is dispositive and no further inquiry is necessary.").

caselaw from the Louisiana Supreme Court supports the conclusion that Act 43, as it applies to Holt's cause of action, is a procedural law. *See Chance*, 635 So. 2d at 178 (prescriptive periods are generally procedural laws); *Lott*, 370 So. 2d at 523 (same). As there is no "legislative expression to the contrary," Act 43 has retroactive applicability in this particular case.[6] LA. CIV. CODE art. 6. Neither of the two exceptions to this general rule of retroactivity apply here: the retroactive application of Act 43 will not strip any party to this case of a vested right, nor will it revive an already prescribed cause of action. At the time of Act 43's effective date in August 2007, State Farm's right to plead prescription had not yet vested; that right would not vest under the prior 12-month period until January 2008. Likewise, Holt's cause of action for recovery under his fire insurance had not yet prescribed, and therefore the retroactive application of Act 43 will not revive any claim here. Under these circumstances, the conclusion that Act 43 retroactively applies to Holt's claim is inescapable.

Additionally, we decline to give weight to the conclusion in *All Prop.* that the 2006 Acts were substantive. That conclusion was unnecessary to the outcome of *All Prop.* and is therefore dictum. *See* BLACK'S LAW DICTIONARY 1177 (9th ed. 2009) (obiter dictum is "unnecessary to the decision in the case and therefore not precedential"). As the Louisiana Supreme Court has made clear time and again, once a court determines that the Louisiana legislature intended for a statute to apply retroactively, that ends the Article 6 inquiry. *See Morial,* 785 So. 2d at 10 n.8; *Bourgeois*, 783 So. 2d at 1258; *Rousselle*, 633 So. 2d at 1245. Absent any constitutional limitations to the retroactive application of the statute, the court must defer to the intent expressed by the legislature. In *All Prop.*, the Louisiana Supreme Court ultimately concluded that the retroactive

---

[6] To be clear, we do not hold that Act 43 has retroactive applicability to all claims that arose before Act 43's effective date. We limit our holding to the facts of this case and to Holt's cause of action, which had not prescribed at the time of Act 43's effective date.

applicability of the 2006 Acts was not unconstitutional.  The court's analysis and outcome would have been the same had it omitted—as precedent required—consideration of whether the statutes were substantive or not.  We do not find the state court's analysis in dictum to be persuasive.

## IV.

We conclude that the extended prescriptive period in Act 43 applies retroactively in the instant case and AFFIRM the district court's judgment.