**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2011

Lyle W. Cayce
Clerk

No. 10-20319

FORD BACON & DAVIS, L.L.C.,

Plaintiff–Appellant

v.

TRAVELERS INSURANCE CO; TRAVELERS CASUALTY & SURETY CO; TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before BARKSDALE, CLEMENT, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Ford, Bacon & Davis, LLC ("FBD LLC") appeals the district court's grant of summary judgment to the defendants (collectively, "Travelers"). FBD LLC argues that Travelers has a duty to defend it against asbestos-related lawsuits arising from its purchase of assets of another company, Ford, Bacon & Davis, Inc. ("FBD Inc."), for whom Travelers provided insurance coverage. It is undisputed that the 1996 Asset Purchase Agreement (the "Agreement") between FBD LLC and FBD Inc. explicitly excluded the transfer of (1) all liabilities at issue here, and (2) any insurance coverage relevant to this litigation. Nonetheless, FBD LLC argues that Travelers's duty to defend it against the

No. 10-20319

asbestos litigation transferred by "operation of law" under an extension of California's product-line successor liability rule recognized by the Ninth Circuit in *Northern Insurance Co. of New York v. Allied Mutual Insurance Co.*, 955 F.2d 1353 (9th Cir. 1992). Because Texas law explicitly rejects the product-line successor liability rule, as recognized in our recent case, *Keller Foundations, Inc. v. Wausau Underwriters Insurance Co.*, 626 F.3d 871 (5th Cir. 2010), we affirm the ruling of the district court.

## I. FACTUAL AND PROCEDURAL HISTORY

In 1996, S&B Acquisition LLP purchased certain assets of the entity then known as Ford, Bacon & Davis, Inc. As part of the Agreement, S&B acquired rights to the name "Ford, Bacon & Davis" and became Ford, Bacon & Davis, LLC. The remaining entity of FBD Inc. changed its name to SFB Companies, Inc. ("SFB"). FBD LLC purchased only the assets included in Section 1.1 of the Agreement, including "all of the following assets, properties and rights . . . of the engineering, procurement and construction business of FBD . . . free and clear of all mortgages, liens, pledges, claims, security interests or encumbrances of any nature whatsoever except Permitted Liens . . . ." The next section of the Agreement explicitly excludes a number of assets from the purchase and transfer, including "all policies of insurance relating to the Business or the Assets or any rights thereunder," except for certain rights and claims not relevant here. It is uncontested that (1) FBD Inc. held policies with Travelers under which Travelers would defend FBD Inc. and later SFB against lawsuits seeking damages on account of bodily injury or property damage, and (2) FBD LLC is not a named insured on any of these insurance agreements.

Notably, except for certain liabilities of FBD Inc. assumed by FBD LLC that are unrelated to the litigation here, the Agreement excludes FBD LLC from "any liability or obligation, direct or indirect, absolute or contingent, known or unknown, of FBD or any FBD subsidiary . . . ." FBD Inc. also agreed to

indemnify FBD LLC from any suit arising from matters connected with the conduct of FBD Inc. prior to the closing of the Agreement. Since the Agreement was executed, numerous parties have sued FBD LLC for asbestos-related damages arising from FBD Inc.'s pre-sale activities. When notified by FBD LLC's counsel of such suits, SFB would inform the plaintiffs that it, and not FBD LLC, was the proper party and the plaintiffs would dismiss FBD LLC from the suit. More recently, however, FBD LLC has been unable to locate any individual that represents SFB, as SFB has been dissolved.

Faced with more asbestos-related suits arising from pre-sale assets and lacking SFB to identify itself as the proper party or to provide indemnity, FBD LLC called upon Travelers to provide it a defense. FBD LLC claimed that it was the successor entity to FBD Inc., and thus Travelers's coverage of FBD Inc.'s pre-transfer liabilities should transfer to it under operation of law. After Travelers denied FBD LLC's demand for defense, FBD LLC brought suit against Travelers in the District Court for the Southern District of Texas. FBD LLC sought a declaratory judgment that Travelers has a duty to defend it against the asbestos-related lawsuits, as well as reimbursement for costs spent defending those lawsuits. Travelers filed a motion for summary judgment, asserting that it owes no right of defense to FBD LLC. The district court granted summary judgment on April 7, 2010, and FBD LLC timely filed this appeal.

## II. DISCUSSION

This Court reviews a district court's grant of summary judgment de novo, using the same standard as the district court. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 259–60 (5th Cir. 2003)). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We

view the facts and evidence in the light most favorable to the nonmovant. *Holt*, 627 F.3d at 191 (citing *Am. Int'l*, 352 F.3d at 260).

FBD LLC urges this Court to adopt the holding of the Ninth Circuit in the *Northern Insurance* case, 955 F.2d 1353, and find that FBD Inc.'s coverage from Travelers transferred to FBD LLC as its successor corporation under operation of law. It notes that this rule is supported by public policy, because the activity giving rise to the loss occurred prior to the asset transfer, and therefore the insurer bears no greater risk than when the policy was written. *See id.* at 1358. Given this fact pattern, FBD LLC contends that if there is no requirement that Travelers must provide a defense on claims based on risks that it insured and on which it collected premiums, Travelers receives an unbargained-for windfall.

Travelers disputes these contentions, arguing first that FBD LLC is not FBD Inc.'s successor corporation, because SFB continued to exist and Travelers continued to provide it coverage after the asset purchase. It argues that regardless, insurance coverage is governed solely by the terms of the policy and, here, the parties do not dispute that FBD LLC is not an insured under the policy and that the policy was not transferred in the Agreement. Finally, it notes that Texas law prohibits application of the *Northern Insurance* product-line successor liability rule, foreclosing FBD LLC's path to recovery. We agree with Travelers that Texas law rejects the product-line successor liability rule, foreclosing application of the *Northern Insurance* rule, and denying FBD LLC's path to recovery.

In *Northern Insurance*, the Ninth Circuit considered whether (1) a purchaser of "substantially all assets of a firm assumes, with some limitations, the obligation for product liability claims arising from the selling firm's pre-sale activities," and (2) if so, whether a right to defense from the selling company's insurer followed the liability. *Id.* at 1357. The court first held that, "irrespective of any clauses to the contrary in the asset purchase agreement," California and

No. 10-20319

Washington law applied the rule of product-line successor liability. *Id.* Finding that liability transferred to the successor entity, the Ninth Circuit then held that the right of defense transferred by operation of law as well when the successor entity purchased "substantially all" of the predecessor company's assets. *Id.* at 1358.

Recently, this Court addressed the applicability of the *Northern Insurance* rule under Texas law, albeit in a slightly different factual context.[1] In *Keller Foundations*, we faced the question of whether the *Northern Insurance* rule applied under Texas law when, as here, an asset purchase agreement excluded the transfer of the seller's insurance coverage. Unlike here, however, the agreement included a transfer of liability to the purchaser. 626 F.3d at 872–73. This Court held that "Texas courts would reject the *Northern Insurance* rule where, as here, the liabilities in question were assumed through a contract that also specifically excluded the transfer of the insurance policy covering those liabilities." *Id.* at 877. We further noted that "[u]nlike California, Texas law does not have a product-line successor liability rule," explaining that Texas law explicitly states that an acquiring company may not be held responsible for a liability of the transferring entity that it does not expressly assume. *Id.* (citing TEX. BUS. CORP. ACT art. 5.10(B) (expired Jan. 1, 2010)); *see also* TEX. BUS. ORGS. CODE § 10.254 (replacing the old provision with similar language).

FBD LLC argues that our holding in *Keller Foundations* does not preclude finding in its favor because in that case, unlike here, the asset purchase also included a transfer of liabilities. While this factual distinction is true, the principles of Texas law undergirding this Court's decision in *Keller Foundations* require the same result here. As we identified in *Keller Foundations*, Texas law explicitly rejects product-line successor liability. *Id.* (citing TEX. BUS. CORP. ACT

---

[1] The parties do not dispute, and the Agreement provides, that the issues in this case are governed by Texas law.

No. 10-20319

art. 5.10(B) (expired Jan. 1, 2010); *Griggs v. Capitol Mach. Works, Inc.*, 690 S.W.2d 287, 294 (Tex. App.—Austin 1985, writ ref'd n.r.e.)).  The current Texas Business Organizations Code provides that "a person acquiring property described by this section may not be held responsible or liable for a liability or obligation of the transferring domestic entity that is not expressly assumed by the person." TEX. BUS. ORGS. CODE § 10.254.  Therefore, because Texas, unlike California and Washington, does not follow the product-line successor liability rule, the *Northern Insurance* rule has no application here.  Where, as here, the entity purchasing assets has expressly not assumed liability for the assets it purchased, such liability will not extend under "operation of Texas law." Therefore, Travelers does not have a duty to defend FBD LLC, as FBD LLC is admittedly not an insured under Travelers's policies with FBD Inc. and the policies do not extend to FBD LLC by operation of law.

### III.  CONCLUSION

FBD LLC's purchase of assets explicitly excluded both liability for the assets relevant to this case and the insurance policies that covered those assets. Because Texas law does not permit liability to extend by "operation of law" under a product-line successor theory, neither does it permit the insurance coverage of those assets to extend by "operation of law."  We therefore affirm the ruling of the district court granting summary judgment to Travelers.

AFFIRMED.