# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2011

No. 10-30791

Lyle W. Cayce
Clerk

JAMES D. CHENEVERT; CHARLES D. BISHOP, JR.

Plaintiffs - Appellants

v.

CHRISTOPHER JOSEPH SPRINGER; THE REDEMPTORISTS DENVER
PROVINCE; REVEREND THOMAS D. PICTON, JR. AND HIS
PREDECESSORS AND SUCCESSORS AS PROVINCIAL SUPERIOR OF
THE REDEMPTORISTS DENVER PROVINCE; THE REDEMPTORISTS
NEW ORLEANS VICE PROVINCE

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-473

Before JOLLY and HAYNES, Circuit Judges, and VANCE,[*] District Judge.

PER CURIAM:[**]

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-30791

James D. Chenevert and Charles D. Bishop, Jr. appeal the district court's dismissal of this case on prescription grounds. Plaintiffs allege that they were sexually abused by Christopher Joseph Springer, a Roman Catholic priest who was ordained by the Redemptorist Fathers, a religious order of the Roman Catholic Church. Although the complaint alleges horrific abuse, the dispositive issue in this appeal is prescription. Specifically, we must decide whether this suit, which is based on allegations of molestation that occurred over twenty-five years ago, is timely under Louisiana law. Because no exception to prescription applies, we affirm the district court's summary judgment dismissing plaintiffs' claims as time-barred.[1]

## I.

We review a district court's grant of summary judgment *de novo* and apply the same standard as the district court. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010). Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must consider the facts and evidence in the light most favorable to the non-movant. *Holt*, 627 F.3d at 191.

It is uncontested that the prescriptive periods for plaintiffs' claims have expired and that those claims are barred, unless prescription was tolled under the Louisiana law doctrine of *contra non valentem*. *Contra non valentem* is a judicially-created exception to statutory prescription, and it applies only in exceptional circumstances. La. Civ. Code art. 3467, cmt. d. When the discovery rule of *contra non valentem* applies, the prescriptive period "commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based." *Eastin v. Entergy Corp.*, 865 So.2d 49, 55 (La. 2004).

---

[1] The district court dismissed on grounds of prescription, but the exact rationale of the district court's oral decision is not clear. We may affirm the district court's judgment for any reason supported by the record, regardless of whether the district court relied upon it. *Forsyth v. Barr*, 19 F.3d 1527, 1534 n.12 (5th Cir. 1994).

Plaintiffs argue that *contra non valentem* applies because their memories of the abuse they suffered were repressed, preventing them from knowing about their causes of action. The depositions that plaintiffs gave in a related state court matter, however, make clear that plaintiffs' memories of the abuse they allege were not repressed. Rather, plaintiffs unequivocally stated that they actively remembered the abuse after it occurred. Chenevert, in his deposition, indicated that he remembered the abuse constantly, although he did not tell anyone about it until February of 2005.[2] Chenevert stated:

> I always had [the abuse] in the back of my mind. And once the abuse ended . . . I was always concerned that it was going to come out.[3]

Chenevert also stated that he joined the Marines and left his hometown in 1984 specifically in response to the possibility that his abuse would be made public.[4]

Bishop also testified that he never lost memory of the abuse. In his deposition, the following exchange took place:

> Q. And you didn't lose any memory of [the abuse] having happened, you just didn't feel the need to tell anyone?
> A. The need? I didn't lose any memory, no.[5]

Additionally, Bishop testified that he told another individual about the abuse in 1985, when he was 18 years old.[6]

Because plaintiffs did not lose memory of the facts underlying their allegations, their *contra non valentem* argument cannot prevail. *See, e.g.*, *Mitchell v. Limoges*, 923 So.2d 906, 911 (La. Ct. App. 2004)(not applying *contra non valentem* when plaintiffs knew of the alleged sexual abuse and told others

---

[2] S. 108-2 at 98.

[3] *Id.*

[4] *Id.* at 98-99.

[5] S. 108-1 at 113.

[6] *Id.* at 111-12.

No. 10-30791

about it); *Doe v. Doe*, 671 So.2d 466, 471 (La. Ct. App. 1995)(sexual abuse claim was prescribed when plaintiff knew of the harm the alleged abuse caused him over a year before filing suit, despite psychologist's testimony to the contrary); *Doe v. Roman Catholic Church*, 656 So.2d 5, 8-10 (La. Ct. App. 1995)(sexual abuse claim was prescribed, despite plaintiff's argument that she recently recollected memory of the abuse, when deposition testimony indicated that plaintiff regained memory of abuse at least a year before filing suit).

## II.

Plaintiffs respond by arguing, first, that we should not consider their depositions because the records in their state court cases have been sealed. But plaintiffs' counsel herself provided the deposition transcripts to the Redemptionists.[7]  Plaintiffs cannot complain about defendants' use of the transcripts after plaintiffs, by their own account, violated the state court's sealing orders by providing those transcripts to defendants. Further, defendants filed the transcripts under seal in this case, obviating concerns about public disclosure.

Plaintiffs also argue that the deposition transcripts are inadmissible under Fed. R. Evid. 408 because plaintiffs' counsel provided them to the Redemptionsts' counsel for the purpose of facilitating a possible settlement. The transcripts, however, are neither an offer to compromise under Rule 408(a)(1), nor "conduct or statements made in compromise negotiations regarding the claim" under subsection (a)(2).  FED. R. EVID. 408(a)(1),(2).[8] Rather, the depositions pre-existed the settlement negotiations, and they were not taken for

---

[7] S. 100-1 at 2 (affidavit of appellants' counsel).

[8] Rule 408(a)(1) applies to "furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim."  Rule 408(a)(2) applies to "conduct or statements made in compromise negotiations regarding the claim except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority."

the purpose of facilitating those negotiations. Rule 408 "cannot be read to protect pre-existing information simply because it was presented to the adversary in compromise negotiations." FED. R. EVID. 408, Advisory Committee Notes, 2006 Amendment (noting that an express provision of Rule 408 to this effect was "deleted as superfluous"). Thus, the depositions are admissible, and they clearly show that prescription was not tolled in this case.

Finally, plaintiffs argue that the district court improperly denied their motion under Fed. R. Civ. P. 56(d) to defer consideration of defendants' motions for summary judgment. We review the denial of a Rule 56(d) motion for abuse of discretion. *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999). Rule 56(d) motions are generally favored and should be liberally granted, but the movant must demonstrate (1) why he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact. *Id.* at 534-35.

Plaintiffs contend that they should have the opportunity to obtain additional evidence on the subject of repressed memory and have provided an affidavit by Dr. Constance J. Dalenberg, a professor of psychology, in support of that contention.[9] Dalenberg states that losing conscious memory of traumatic events and then recovering those memories at a later date is a real phenomenon and that a specialist can administer a series of tests to determine whether an individual's assertion of recovered memory is authentic.[10] Plaintiffs state in their depositions, however, that they did not lose memory of the abuse. Dalenberg does not make any claim that, using her techniques, she can demonstrate that a person who asserts that he or she remembered an event continuously is wrong. Further discovery on the subject of repressed memory

---

[9] S. 100-2.

[10] *Id.* at 6.

would not create a genuine issue of material fact, and the district court was within its discretion to deny plaintiffs' Rule 56(d) motion.

## III.

We therefore AFFIRM the district court's dismissal of this case on summary judgment.