# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2011

No. 11-30466
Summary Calendar

Lyle W. Cayce
Clerk

INDIAN HARBOR INSURANCE COMPANY,

Plaintiff-Appellant

v.

BESTCOMP, INCORPORATED; GEORGE RAYMOND WILLIAMS, M.D.,
Orthopedic Surgery, A Professional Medical, L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:09-CV-7327

Before DAVIS, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

George Raymond Williams, M.D., Orthopedic Surgery, A Professional
Medical L.L.C. ("Williams L.L.C.") filed a putative class action lawsuit in state
court against BestComp, Incorporated alleging violations of Louisiana law.
Indian Harbor Insurance Company subsequently filed a federal lawsuit seeking
a judgment declaring that it had no obligation to defend or indemnify BestComp

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-30466

in connection with the state court action. Indian Harbor then filed a motion for summary judgment, which was granted in part and denied in part by the district court. After the district court directed entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b), Indian Harbor filed a timely notice of appeal. For the reasons stated below, we affirm the district court's judgment.

## I.

### A.    The insurance policy

In July 2009, Indian Harbor issued a professional liability insurance policy to Cannon Cochran Management Services, CCMSI Holdings, Inc., CCSF Reinsurance, Ltd. (collectively "CCMSI"), and their subsidiaries. While not a named insured party, BestComp asserts that it is covered under the policy because it is a subsidiary of CCMSI.

Under the policy, Indian Harbor was to provide insurance coverage by paying "on behalf of the Insured all sums in excess of the deductible that the Insured becomes legally obligated to pay as damages and claim expenses as a result of a claim first made against the Insured and reported in writing to [Indian Harbor]" from July 31, 2009 to July 31, 2010.[1] The policy also states that Indian Harbor has the "right and duty to defend in the Insured's name and on the Insured's behalf a claim . . . even if any of the allegations in the claim are groundless, false or fraudulent."

The policy defines a "claim" as "a demand for money or services naming the Insured arising out of an act or omission in the performance of professional services. A claim also includes the service of suit or the institution of an arbitration proceeding against the Insured." The term "claim expenses" is defined as, *inter alia*, "[f]ees charged by attorneys" and "[a]ll other reasonable and necessary fees, costs and expenses" resulting from the defense of a claim.

---

[1] The insurance policy highlights all words and phrases that it specifically defines with bold font. When quoting the policy, we will not replicate the bold font.

No. 11-30466

The term "damages" is defined as "any compensatory sum and includes a judgment, award or settlement[.]" Notably, the policy excludes "fines, penalties, forfeitures, or sanctions" from the definition of "damages."

**B.    State court proceedings**

On September 30, 2009, Williams L.L.C. filed a putative class action against BestComp in Louisiana state court (the "*Williams* lawsuit"). In its petition, Williams L.L.C. alleged that it is BestComp's duty to provide access to preferred provider organization ("PPO") discounted rates in connection with Louisiana's workers' compensation payments. It further averred that BestComp discounted the medical bills of numerous Louisiana health care providers. In applying these discounts, Williams L.L.C. contended that BestComp violated the following state statute:

> A preferred provider organization's alternative rates of payment shall not be enforceable or binding upon any provider unless such organization is clearly identified on the benefit card issued by the group purchaser or other entity accessing a group purchaser's contractual agreement or agreements and presented to the participating provider when medical care is provided. . . . When no benefit card is issued or utilized by a group purchaser or other entity, written notification shall be required of any entity accessing an existing group purchaser's contractual agreement or agreements at least thirty days prior to accessing services through a participating provider under such agreement or agreements.

La. Rev. Stat. § 40:2203.1. According to the petition, BestComp failed to comply with the notice requirements of section 40.2203.1 of the Louisiana Revised Statutes when applying discounts to workers' compensation medical bills. As a result of this failure, Williams L.L.C. and its putative class sought statutory damages in the form of "double the fair market value of the medical services provided, but, in no event, less than the greater of $50 per day of non-compliance

3

No. 11-30466

or $2000, together with attorney fees to be determined by the Court as is provided under [state law]." *See id.* § 40:2203.1G.

## C.    Federal court proceedings

On November 12, 2009, Indian Harbor filed a federal lawsuit seeking a "judgment declaring that it has no duty to defend or to indemnify BestComp, or to pay any proceeds under the Policy, for the claims asserted against it." In August 2010, Indian Harbor filed a motion for summary judgment in which it argued that because the statutory damages requested in the state court action are properly considered penalties, they are not the type of damages covered under the terms of the policy. Accordingly, it contended that it had no duty to defend or indemnify BestComp in the *Williams* lawsuit. In response to this motion, BestComp argued that while Indian Harbor may not be responsible for paying statutory damages under section 40.2203.1, it was obligated to defend the *Williams* lawsuit and cover claim expenses incurred as a result of this suit.

In November 2010, the district court issued an order resolving Indian Harbor's motion. In its order, the district court granted Indian Harbor's motion in part when it concluded that damages under section 40.2203.1, along with certain attorneys' fees, were not covered by the policy. The district court did, however, partially deny Indian Harbor's motion by determining that not only did Indian Harbor still have a duty to defend BestComp, but was also responsible for paying claim expenses arising out of the *Williams* lawsuit.[2] On November 8, 2011, the district court granted Indian Harbor's motion to certify its denial of Indian Harbor's motion for summary judgment as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). This appeal ensued.

---

[2]    The district court also denied a motion for summary judgment that was filed by Williams L.L.C.

No. 11-30466

## II.

### A.    Standard of Review

We review the district court's grant or denial of summary judgment de novo, applying the same standard as the district court. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188 (5th Cir. 2010) (citation omitted). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A district court's interpretation of an insurance contract is a question of law subject to de novo review. *Travelers Lloyds Ins. Co. v. Pacific Emp'rs Ins. Co.*, 602 F.3d 677, 681 (5th Cir. 2010).

### B.    Analysis

"When, as here, jurisdiction is based on diversity, we apply the substantive law of the forum state." *Holt*, 627 F.3d at 191 (citing *Erie R. v. Tompkins*, 304 U.S. 64 (1938)). Louisiana is the forum state in this case; we therefore look to its law for guidance in resolving this dispute. On appeal, Indian Harbor solely argues that the district court erred in concluding that it had a duty to defend BestComp in the *Williams* lawsuit. Because this appeal turns on the interpretation of an insurance policy, we begin our analysis with a consideration of the interpretive tools provided by Louisiana law.

"An insurance policy is a contract between parties and should be construed by using the general rules of interpretation of contracts in the Civil Code." *In re Katrina Canal Breaches Litig.*, 63 So. 3d 955, 963 (La. 2011). The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent. *La. Ins. Guar. Ass'n v. Interstate Fire and Cas. Co.*, 630 So. 2d 759, (La. 1994) (citing La. Civ. Code art. 2045). "The parties' intent as reflected by the words in the policy determine the extent of coverage." *Id.* (citation omitted). "Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the

5

words have acquired a technical meaning." *Id.* (citing La. Civ. Code art. 2047). Where a policy of insurance contains a definition of any word or phrase, this definition is controlling. *E.g., Cangelosi v. Allstate Ins. Co.*, 680 So. 2d 1358, 1362 (La. Ct. App. 1 Cir. 1996).

"If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the agreement must be enforced as written." *Crabtree v. State Farm Ins. Co.*, 632 So. 2d 736, 741 (La. 1994). "The policy should be construed as a whole and one portion thereof should not be construed separately at the expense of disregarding another." *Id.* (citation omitted). "If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer who issued the policy and in favor of the insured." *Id.* (citation omitted). With these general interpretive tools in mind, we turn to the specific legal issue presented on appeal.

Under Louisiana law, an "insurer's duty to defend lawsuits against its insured is broader than its liability for damage claims." *Mossy Motors, Inc. v. Cameras Am.*, 898 So. 2d 602, 606 (La. Ct. App. 4 Cir. 2005) (citing *Steptore v. Masco Constr. Co., Inc.*, 643 So. 2d 1213, 1218 (La. 1994)). "The issue of whether a liability insurer has the duty to defend a civil action against its insured is determined by application of the 'eight-corners rule,' under which an insurer must look to the 'four corners' of the plaintiff's petition and the 'four corners' of its policy to determine whether it owes that duty." *Id.* "The duty to defend is determined by the allegations of the plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." *Id.* at 606-07 (citations omitted). "The duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy." *Id.* at 607. To determine whether Indian Harbor has a duty

to defend BestComp in the *Williams* lawsuit, we must therefore compare the policy language with Williams L.L.C.'s state court petition.

The policy states that Indian Harbor "has the right and duty to defend any claim against [BestComp] even if any of the allegations of the claim are groundless, false or fraudulent." As stated above, the policy defines a claim as "a demand for money or services naming [BestComp] arising out of an act or omission in the performance of professional services." Here, it is evident that Williams L.L.C.'s state court petition is properly considered a claim as that term is defined by the policy. In its petition, Williams L.L.C. names BestComp and demands money as a result of BestComp's alleged failure to abide by state notice requirements in performing its professional services, namely, "providing PPO discounted rates in connection with Louisiana workers' compensation payments." Because the allegations in the state court petition qualify as a claim under the policy, Indian Harbor has a duty to defend BestComp in the *Williams* lawsuit. Accordingly, we conclude that the district court did not commit legal error in so holding.

Not only does Indian Harbor have a duty to defend BestComp, but it is also required to cover claim expenses. The policy is unambiguous with respect to Indian Harbor's contractual obligation to pay claim expenses: "[Indian Harbor] will pay on behalf of [BestComp] all sums in excess of the deductible that [BestComp] becomes legally obligated to pay as damages and claim expenses as a result of a claim" made against BestComp. As this language makes clear, any claim expenses that arise as a result of the claims made in the

state court action are therefore also covered by the plain terms of the policy. The district court therefore did not err in arriving at the same conclusion.[3]

In its brief, Indian Harbor contends that its duty to defend terminated "on November 12, 2010 when the [d]istrict [c]ourt ruled that [its] policy unambiguously excludes from coverage the claims asserted in the underlying putative class action[.]" Throughout its brief, it relies heavily upon this premise in constructing its arguments. This premise, however, mischaracterizes the district court's decision. Contrary to what Indian Harbor suggests, the district court did not hold that the claims in the *Williams* lawsuit were outside the scope of the policy's coverage. Rather, it unequivocally held that "the plain language of Indian Harbor's policy specifically precludes recovery for damages incurred under section 40.2203.1(G)." Put simply, the district court's holding addressed Indian Harbor's legal obligation to pay damages, not its duty to defend claims brought against BestComp. Because they are predicated on a faulty premise, Indian Harbor's arguments fail to provide a basis for unsettling the district court's judgment.[4]

## III.

Finding no error, we AFFIRM the district court's judgment. We also GRANT Williams L.L.C.'s pending motion to be removed as appellee.[5]

---

[3] At various points in its written submissions, Indian Harbor casually suggests that the terms "damages" and "claim expenses" are "inextricably tied together" and that, as a result, the district court's judgment regarding damages also extinguished any duty to pay claim expenses. Because this argument is presented in a conclusory fashion, we will not consider it. *E.g., United States v. Stalnaker.* 571 F.3d 428, 440-41 (5th Cir. 2009) (concluding that undeveloped arguments that lacked citations to relevant law were waived for inadequate briefing).

[4] Not only are Indian Harbor's arguments based on a faulty premise, but they also pay short shrift to an important portion of any dispute regarding the interpretation of an insurance policy: the actual language of the insurance contract.

[5] In its brief, BestComp asks for damages under Federal Rule of Appellate Procedure 38. Although Indian Harbor's appeal borders on frivolous, we do not believe it is sanctionable.

No. 11-30466