# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2012

No. 11-10698
Summary Calendar

Lyle W. Cayce
Clerk

RODGER DON HUGHES,

Plaintiff–Appellant

v.

CHEVRON PHILLIPS CHEMICAL COMPANY LP et al.,

Defendants–Appellees

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 1:10-cv-210

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

Plaintiff-Appellant Rodger Don Hughes appeals the district court's denial of his motion to remand and grant of summary judgment in favor of Defendants-Appellees Chevron Phillips Chemical Company LP ("Chevron") and Renee Bear. Hughes maintains that the district court lacked subject matter jurisdiction over his original complaint. Because we find that the district court properly asserted jurisdiction and granted summary judgment against Hughes, we AFFIRM.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 11-10698

## FACTUAL AND PROCEDURAL BACKGROUND

Hughes was an employee of Chevron in Borger, Texas. During his employment, he became deficient in the payment of his federal income taxes in the amount of $133,842.07, such that the Internal Revenue Service ("IRS") issued an administrative levy on his earned income, wages, or salary. Chevron received a notice dated May 18, 2010 regarding the levy, and an amended notice dated June 28, 2010. The notices required Chevron to turn over to the IRS Hughes's unexempt wages. Accordingly, Chevron withheld portions of Hughes's wages and remitted them to the IRS until it received written confirmation that the levy was released.

Hughes subsequently filed this suit against Chevron and current or former employees of the company in state court, contesting the validity of the withholding. He asserted multiple state causes of action against the Defendants-Appellees, including breach of fiduciary duty, fraud, intentional infliction of emotional distress, negligence, quantum meruit, retaliation, tortious interference with contract, tortious interference with business relationship, and promissory estoppel. The Defendants-Appellees removed the case to federal court on the basis that Hughes's pleadings indicated that he questioned the validity of the IRS administrative levy and the lawfulness of the Defendants-Appellees' compliance with the levy. They also asserted that Hughes's complaint presented a federal question as to whether the Defendants-Appellees were immune from liability under the Internal Revenue Code ("Code"), 26 U.S.C. § 6332(e). Due to the federal tax law issues in Hughes's case, they claimed that federal jurisdiction was appropriate.

2

No. 11-10698

The district court agreed, took jurisdiction of the case, and granted the Defendants-Appellees' motion for summary judgment. The court found that Hughes had not provided any evidence to support his contention that his claims against the Defendants-Appellees did not arise from Chevron's garnishment of his wages pursuant to an IRS levy. The court held meritless Hughes's various arguments regarding the inapplicability of the tax code to private citizens or to citizens of Texas, the lack of genuine law giving the Defendants-Appellees the right to garnish his wages, and the fact that a "notice of levy" is not a "levy," such that § 6332(e) of the Code does not apply. Instead, the court found that the Defendants-Appellees had properly abided by a valid IRS levy on Hughes's wages. Therefore, the district court ruled that the Defendants-Appellees were immune from suit, and entitled to summary judgment on all of Hughes's claims against them.

## STANDARD OF REVIEW

"Our standard of review as to determinations of jurisdiction is plenary." *Bogle v. Phillips Petroleum Co.*, 24 F.3d 758, 760 (5th Cir. 1994) (citation omitted). This Court also reviews a district court's grant of summary judgment de novo and applies the same standard as the district court. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010). Under that standard, summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted). When reviewing a motion for summary judgment, the Court construes all the evidence and reasonable

3

No. 11-10698

inferences in the light most favorable to the nonmoving party. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010) (quoting *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009)).

## ANALYSIS

On appeal, Hughes argues that the district court lacked subject matter jurisdiction over his case, and thus should have granted his motion to remand to state court.  While Hughes's briefing is somewhat difficult to decipher, his main contention seems to be that he brought only state-law claims against the Defendants-Appellees, such that the district court did not have jurisdiction to grant summary judgment in their favor.  The Defendants-Appellees counter that the district court did not err by denying Hughes's motion to remand, because Hughes's lawsuit was really aimed at the validity of the administrative levy with which Chevron complied, as well as the lawfulness of the IRS's actions.

A civil suit may be removed from state court to federal court if the claim therein is one "arising under" federal law, such that it is an action over which a district court would have original jurisdiction. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8 (1983); 28 U.S.C. §§ 1331, 1441.  In general, courts follow the "well-pleaded complaint" rule, which holds that whether or not a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration," and not based on anticipated defenses. *Franchise Tax Bd.*, 463 U.S. at 10 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75 (1914)); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("Under our longstanding interpretation of the current statutory scheme, the question whether a claim 'arises under' federal law must be determined by reference to

the well-pleaded complaint." (internal quotation marks and citation omitted)). In this manner, the plaintiff is the "master of the claim," and he "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

However, there are instances where a claim may "arise under" federal law and be removed to federal court, even though the plaintiff makes no federal claims. "[F]or purposes of § 1331[,] an action 'arises under' federal law if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law." *Franchise Tax Bd.*, 463 U.S. at 9 (internal quotation marks and citation omitted). The plaintiff's "right to relief under state law [must require] resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13; *see also Grable & Sons Metal Prod., Inc. v. Darue Eng. & Mfg.*, 545 U.S. 308, 312 (2005) (stating that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues"). In addition, a federal court must be able to entertain the suit "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons*, 545 U.S. at 314. In this Circuit, we have held that "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

Here, Hughes's state-law claims meet all of the above criteria. First, it would be impossible to determine whether the Defendants-Appellees breached

No. 11-10698

their fiduciary duty to him or interfered with his contract without deciding whether their actions were governed by a valid administrative levy issued by the IRS. That question in turn requires determining whether the IRS had the authority to issue an administrative levy on Hughes's unexempted wages, and whether it followed the proper procedures in doing so. Thus, we find that it is necessary to resolve a federal issue in order to resolve Hughes's state-law claims. Second, Hughes clearly disputes the lawfulness of the Defendants-Appellees' withholding of his wages pursuant to an administrative levy. He also challenges the authority of the IRS, maintaining, among other arguments, that it has no authority to operate in Texas, that he does not have "wages," "salary," or "income," as those terms are defined under federal law, and that the Code sections dealing with levy and garnishment apply only to excise taxes on alcohol and tobacco. Third, "[t]he meaning of the federal tax provision is an important issue of federal law . . . ." *Grable & Sons*, 545 U.S. at 315. Finally, it clearly would not disturb the balance of federal and state judicial power for a federal court to decide questions of federal tax law. Indeed, as the Supreme Court has stated, determinations regarding federal tax provisions "sensibly belon[g] in a federal court." *Id.* Accordingly, we find that Hughes's claims arise under federal law.

"[A] plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22. Though Hughes has tried to frame his claims as sounding only in state law, any judicial consideration of those claims necessarily implicates substantial questions of federal law. Indeed, the only contested question in this case appears to be whether or not the IRS properly issued an administrative levy on Hughes's

6

earnings, and whether the Defendants-Appellees justifiably abided by that levy. *See Grable & Sons*, 545 U.S. at 314-15 ("Grable has premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law. Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case."). We thus find that the district court properly took jurisdiction of Hughes's case, and denied his motion to remand.

We also find that the district court properly granted summary judgment in favor of the Defendants-Appellees. At base, Hughes's suit questions the jurisdiction and authority of the IRS, and it seeks to interpret the federal tax code in a manner that exempts him from its reach. However, this Court has held that "[t]he constitutionality of our income tax system–including the role played within that system by the Internal Revenue Service and the Tax Court–has long been established." *Cain v. I.C.R.*, 737 F.2d 1417, 1417-18 (5th Cir. 1984) (per curiam). Similarly, "[t]he constitutionality of the levy procedure . . . has long been settled." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 721 (1985) (internal quotation marks and citations omitted). Furthermore, as the district court correctly held, the Defendants-Appellees were immune from suit by Hughes for honoring the administrative levy and turning over Hughes's wages to the IRS. 26 U.S.C. § 6332(e); *Nat'l Bank of Commerce*, 472 U.S. at 721; *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 561 (5th Cir. 1997) ("Because TIAA complied with the levy issued by the IRS under §§ 6331 and 6332, it is immune from liability to Melton for complying with the levy.").

No. 11-10698

Consequently, there were no viable claims Hughes could maintain against them individually.

Hughes's protestations regarding the procedure employed by the IRS in issuing the administrative levy fall flat, as well. He asserts that the levy was unlawful, in part because the IRS did not seek a court order before issuing it. However, there is no such requirement for administrative levies. *United States v. Baggot*, 463 U.S. 476, 481 (1983) ("The IRS need never go into court to assess and collect the amount owed; it is empowered to collect the tax by non-judicial means . . . without having to prove to a court the validity of the underlying tax liability."). If Hughes questions the propriety of imposing an administrative levy on his wages, or the manner in which it was accomplished, then he should have taken those claims to the proper court and requested review of the IRS's actions. *See United States v. Rodgers*, 461 U.S. 677, 682-83 (1983) ("Administrative levy, unlike an ordinary lawsuit . . . does not require any judicial intervention, and it is up to the taxpayer, if he so chooses, to go to court if he claims that the assessed amount was not legally owing."); *see also Baggot*, 463 U.S. at 478-79 ("Upon receiving a notice of deficiency, the taxpayer has, broadly speaking, four options: (1) he can accept the IRS's ruling and pay the amount of the deficiency; (2) he can petition the Tax Court for a redetermination of the deficiency; (3) he can pay the amount of the deficiency and, after exhausting an administrative claim, bring suit for a refund in the Claims Court or in district court; or (4) he can do nothing and await steps by the IRS or the Government to collect the tax.").

Hughes cannot now attempt an end-run around the correct method for challenging an IRS decision, any more than he can use a state-court suit to

No. 11-10698

disguise his challenge to the legality of the federal income tax. We therefore hold that the district court properly granted summary judgment in favor of Chevron and Renee Bear.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.