655 So.2d 303 (1995)
Patricia Stelly PREJEAN
v.
DIXIE LLOYDS INSURANCE CO., et al.
Billy DESHOTEL
v.
Monica MONTET, et al.
Todd TOUPS
v.
Scott RICHARD, et al.
No. 94-CA-2979.
Supreme Court of Louisiana.
May 22, 1995.
*305 Wendell R. Verret, Haik & Minvielle, New Iberia, for applicant.
J. Isaac Funderburk, Funderburk & Herpin, Billy Deshotels, in pro. per., Marcus A. Broussard, Jr., Abbeville, for respondent.
VICTORY, Justice.[1]
The trial court in this case declared Acts 651 and 958 of the 1993 Regular Session of the Louisiana legislature unconstitutional, and cast the Louisiana Insurance Guaranty Association ("LIGA"), as successor of Liberty Lloyds Insurance Company ("Liberty Lloyds") in liquidation, with preinsolvency court costs. Pursuant to La. Const. art. V, § 5(D)(2), LIGA directly appeals, claiming that: (1) the trial court's declaration of unconstitutionality is erroneous because this Court previously decided in Louisiana Insurance Guaranty Association v. Gegenheimer, 93-3021 (La. 4/21/94), 636 So.2d 209, that Acts 651 and 958 are constitutional; and (2) La.R.S. 22:1379(3)(d) exempts LIGA from having to pay preinsolvency obligations of an insurer, including court costs. We reverse the trial court's finding of unconstitutionality, but affirm the judgment insofar as it orders LIGA to pay court costs incurred by Liberty Lloyds prior to insolvency.

FACTS AND PROCEDURAL HISTORY
On September 4, 1989, Billy Deshotel and Patricia Prejean sustained injuries in an automobile accident while riding in a vehicle owned by Monica Montet and driven by Scott Richard. At the time of the accident, the Montet vehicle was insured by Dixie Lloyds Insurance Company ("Dixie Lloyds"). Liberty Lloyds insured both the driver of the vehicle, Scott Richard, and also acted as Deshotel's uninsured/underinsured motorist insurer.
Deshotel filed suit against Monica Montet, Scott Richard, Dixie Lloyds and Liberty Lloyds on April 24, 1990, in the 15th Judicial District Court, Vermilion Parish, Louisiana. This suit was subsequently consolidated with two other suits arising out of the same accident: Patricia Stelly Prejean v. Dixie Lloyds Insurance Company, et al., Docket No. 90-57952-B, and Todd Toups v. Scott Richard, et al., Docket No. 90-58726-A.
On December 20, 1990, Dixie Lloyds was declared insolvent and ordered into liquidation by the Louisiana Commissioner of Insurance. As the successor to Dixie Lloyds, LIGA was substituted as the proper party defendant in the Deshotel and Prejean lawsuits.
Ultimately, Deshotel settled with Liberty Lloyds, and after trial, obtained a judgment against LIGA/Dixie Lloyds, as insurer of the Montet vehicle. The trial court further ruled that court costs in the consolidated proceedings were to be divided equally between LIGA/Dixie Lloyds and Liberty Lloyds.
LIGA appealed the judgment, claiming that the trial court erred in casting it with court costs incurred prior to Dixie Lloyds's insolvency.[2] The court of appeal found error in the trial court's equal assessment of court costs between LIGA/Dixie Lloyds and Liberty Lloyds, concluding that La.R.S. 22:1379(3)(d) (effective September 7, 1990), which exempts LIGA from the payment of preinsolvency court costs of an insurer, is subject to retroactive application.[3] The court *306 of appeal amended the trial court judgment to reflect its ruling:
IT IS ORDERED[,] ADJUDGED, AND DECREED that court costs incurred prior to December 20, 1990, are assessed to Liberty Lloyds Insurance Company; court costs incurred after December 20, 1990, are assessed equally against Liberty Lloyds Insurance Company and Louisiana Insurance Guaranty Association. Costs of appeal are assessed against Louisiana Insurance Guaranty Association.
Prejean v. Dixie Lloyds Insurance Company, 602 So.2d 764 (La.App. 3d Cir.1992), companion to Deshotel v. Dixie Lloyds Insurance Company, 602 So.2d 768 (La.App. 3d Cir.1992).[4]
Pursuant to the court of appeal's order, the Vermilion Parish Clerk of Court determined that LIGA/Dixie Lloyds had an outstanding balance of $354.28 in court costs, and that Liberty Lloyds's had an outstanding balance of $1,800.54 in court costs. LIGA/Dixie Lloyds paid its bill in full by check mailed to the Vermilion Parish Clerk of Court on September 15, 1992. As of March 31, 1993, Liberty Lloyds had not satisfied its obligation.
On May 17, 1993, Liberty Lloyds was declared insolvent and ordered into liquidation by the Louisiana Commissioner of Insurance. On April 15, 1994, Deshotel filed a "Rule to Show Cause" against LIGA, as Liberty Lloyds's successor, requesting that the court order LIGA/Liberty Lloyds to pay the outstanding court costs so that he could be refunded advanced costs. The trial court found in favor of Deshotel, ruling that:
IT IS ORDERED, ADJUDGED AND DECREED that Act 651 of the 1993 Regular Session of the Legislature and Act 958 of the 1993 Regular Session of the Legislature are both declared unconstitutional as being in violation of the equal protection clause in that neither act is rationally related to any legitimate State purpose; and the Louisiana Insurance Guaranty Association is ordered to pay to the Vermilion Parish Clerk of Court all amounts advanced by plaintiff, Billy Deshotel, so that these funds can be refunded to plaintiff, Billy Deshotel.
Pursuant to La. Const. art. V, § 5(D)(2), LIGA/Liberty Lloyds appeals the judgment on the rule to show cause claiming that: (1) this Court has previously decided in, Louisiana Insurance Guaranty Association v. Gegenheimer, supra, that Acts 651 and 958 are constitutional; and (2) La.R.S. 22:1379(3)(d) exempts it from having to pay preinsolvency obligations of an insurer, including court costs.

DISCUSSION
La.R.S. 13:4521(A) as Amended by Acts 651 and 958
Acts 651 and 958 of the 1993 Regular Session of the legislature made La.R.S. 13:4521(A), dealing with the payment of court costs by the state, applicable to LIGA. This statute, as amended, currently provides:
A. Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in *307 any court of this state or any municipality of this state, including particularly but not exclusively those courts in the parish of Orleans and the city of New Orleans. This Section shall also apply to the Louisiana Insurance Guaranty Association and the Louisiana Life and Health Insurance Guaranty Association in any judicial proceeding instituted by or against them. This Section shall also apply to employees or agents of the state if they are named as defendants in a suit arising out of the course and scope of their employment or agency. Costs which are temporarily deferred pursuant to this Section cannot be shifted to opposing parties during the pendency of such deferment.
Under this provision, the state and state agencies are "exempt from the prepayment of court costs" or have been given a "temporary deferment" from the payment of court costs until a final judgment is rendered. Louisiana Insurance Guaranty Association v. Gegenheimer, 93-3021, p. 3 (La. 4/21/94), 636 So.2d at 210. The temporary deferment afforded by La.R.S. 13:4521(A) was made applicable to LIGA in 1993, when the legislature adopted Act Nos. 651 and 958.
The trial court declared Act Nos. 651 and 958 unconstitutional finding them violative of the equal protection clause because they are not rationally related to any legitimate state purpose. In Louisiana Insurance Guaranty Association v. Gegenheimer, supra, we were squarely faced with the same issue. Therein, we concluded that the Acts are constitutional, stating:
Because LIGA is involved in so much litigation, the legislature determined that LIGA's prepayment of court costs would be an unnecessary financial burden. Deferring court costs serves to protect LIGA's solvency, an appropriate state interest. See Segura v. Frank, 93-1271, 630 So.2d 714 (La.1994). The deferment places a financial burden on Louisiana's clerks of court, but the legislature determined that the state's interest justifies that burden. Moreover, LIGA's costs are only deferred or postponed until the litigation is concluded. The legislative decision that deferring LIGA's court costs furthers the state's interests in protecting policyholders and claimants of insolvent insurers is not constitutionally deficient. (Emphasis added.)
Louisiana Insurance Guaranty Association v. Gegenheimer, 93-3021, p. 5, 636 So.2d at 210-211.
Therefore, we reverse the trial court's holding that Act Nos. 651 and 958 of 1993 are unconstitutional.
Preinsolvency Court Costs of Liberty Lloyds
Having found that La.R.S. 13:4521(A) merely acts as a temporary deferment, and not as an absolute bar, to the assessment of court costs against LIGA, we now consider the second issue presented for review: whether La.R.S. 22:1379(3)(d) excuses LIGA from having to pay preinsolvency court costs incurred by Liberty Lloyds.[5]
Louisiana R.S. 22:1379(3)(d) was enacted in 1990, and became effective September 7, 1990. Prior to that date, there was no statutory provision limiting LIGA's exposure for court costs. Instead, LIGA was responsible for paying all court costs attributable to the insolvent insurer, without regard to whether they were incurred pre- or postinsolvency. Louisiana Insurance Guaranty Association v. Gegenheimer, 93-3021, p. 4; 636 So.2d at 210, citing Pounders v. Champion Insurance Company, 572 So.2d 365 (La.App. 1st Cir. 1990), writ denied, 576 So.2d 32 (La.1991); Morgan v. Allstate Insurance Company, 577 So.2d 225 (La.App. 1st Cir.1991); Robichaux v. Randolph, 555 So.2d 581 (La.App. 1st Cir. 1989), writ denied, 559 So.2d 127 (La.1990); Aramburo v. Travelers Insurance Company, 438 So.2d 274 (La.App. 4th Cir.), writ denied, 443 So.2d 1110 (La.1983).
*308 As of September 7, 1990, this rule changed with the enactment of La.R.S. 22:1379(3)(d). This statute provides:
"Covered claim" shall not include any claim based on or arising from a pre-insolvency obligation of an insolvent insurer, including but not limited to ... court costs, ... or any other expenses incurred prior to the determination of insolvency.
As of September 7, 1990, LIGA is only responsible for postinsolvency court costs of an insolvent insurer. However, our inquiry does not end here. Because Deshotel's cause of action arose prior to the effective date of La.R.S. 22:1379(3)(d), it is necessary to determine whether the statute may be applied retroactively.
When determining whether laws may be applied retroactively, we are guided by La. Civ.Code art. 6 and La.R.S. 1:2, which respectively provide:
Art. 6. Retroactivity of laws
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
§ 2. Revised Statutes not retroactive
No Section of the Revised Statutes is retroactive unless it is expressly so stated.
From these statutes, it has been consistently stated that the rule of prospective application applies to laws that are substantive in nature, while laws that are procedural or interpretive may be applied retroactively. Segura v. Frank, 93-1271, 93-1401 (1/14/94); 630 So.2d 714, 720-721. Thus, the inquiry is two-fold. First, we must determine whether, in the enactment, the legislature expressed its intent regarding retrospective or prospective application. If so, then our inquiry ends. If not, we must categorize the legislation at issue as substantive, procedural or interpretive. Segura v. Frank, supra; Cole v. Celotex Corporation, 599 So.2d 1058, 1063 (La.1992).
Because Act No. 105 of 1990, adopting La.R.S. 22:1379(3)(d), contains no expression of legislative intent as to retrospective or prospective application, we must categorize the statute as either substantive, procedural or interpretive.
"Substantive" laws either establish new rules, rights, and duties or change existing ones. St. Paul Fire & Marine Insurance Company v. Smith, 609 So.2d 809, 817 (La.1992) (citations omitted). "Procedural" laws describe the method of enforcing, processing, administering or determining rights, liabilities or status. If a statute merely prescribes the method of enforcing a right which previously existed or maintains redress for invasion of rights, it is classified as procedural; whereas, if it creates a new obligation or right where none previously existed it is substantive. Rollette v. State Farm Mutual Automobile Insurance Company, 619 So.2d 832, 835 (La.App. 1st Cir.1993). "Interpretive" laws, on the other hand, do not create new rules, but merely establish the meaning that the interpretive statute had from the time of its enactment. It is the original statute, not the interpretive one, that establishes the rights and duties. St. Paul Fire & Marine Insurance Company v. Smith, supra.
As previously explained, prior to the 1990 amendment, a litigant had a right to collect from LIGA all court costs incurred. Under the amended statute, this right no longer exists, and litigants are relegated to recovering only postinsolvency court costs from LIGA. Accordingly, we find that La. R.S. 22:1379(3)(d) clearly effected a change in existing rights. Therefore, it must be categorized as substantive, and applied prospectively only.[6] Consequently, LIGA is responsible for all court costs attributable to Liberty Lloyds, whether they arose prior to or after the determination of insolvency.[7]

*309 CONCLUSION
The trial court's judgment on Deshotel's Rule to Show Cause is reversed insofar as it declared Acts 651 and 958 of the 1993 Regular Session of the legislature unconstitutional, and is affirmed insofar as it ordered LIGA to pay the outstanding court costs assessed to Liberty Lloyds.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[1] Johnson, J., not on panel. Rule IV, Part 2, § 3. Judge Henry L. Yelverton, Court of Appeal, Third Circuit, participating as Associate Justice Pro Tempore, in place of Associate Justice James L. Dennis. Id.
[2] LIGA/Dixie Lloyds also appealed on other grounds which are not relevant here.
[3] Since its rendition of Prejean v. Dixie Lloyds Insurance Company, 602 So.2d 764 (La.App. 3d Cir.1992), and Deshotel v. Dixie Lloyds Insurance Company, 602 So.2d 768 (La.App. 3d Cir.1992), the Third Circuit has changed its stance on the issue of retroactivity. See Richard v. Teague, 92-17 (La.App. 3d Cir. 5/4/94), 636 So.2d 1160, writ denied, 644 So.2d 388 (La.1994), wherein the court declined to follow Prejean, and adopted the positions of the First and Fourth Circuits set forth in Gautro v. Fidelity Fire and Casualty Insurance Company, 623 So.2d 106 (La.App. 1st Cir.), writ denied, 629 So.2d 413 (La.1993) (statute deemed substantive with respect to payment of preinsolvency court costs and legal interest); and Morris v. Stewart, 617 So.2d 978 (La.App. 4th Cir.1993) (statute deemed substantive with respect to payment of preinsolvency legal interest).
[4] Hereinafter, these cases will be collectively referred to under the citation for Prejean v. Dixie Lloyds Insurance Company, 602 So.2d 764 (La. App. 3d Cir.1992).
[5] By rendering judgment on the Rule to Show Cause against LIGA, the trial court implicitly found that LIGA is liable for the preinsolvency court costs of Liberty Lloyds. Since this Court's jurisdiction may extend to all issues on appeal, and not just to the constitutional issue giving appellate jurisdiction, it is within our discretion to determine the correctness of this particular ruling. La. Const. art. V, § 5(F); Church Point Wholesale Beverage v. Tarver, 614 So.2d 697, 700-701 (La.1993); Tucker v. New Orleans Laundries, Inc., 241 La. 11, 127 So.2d 182, 183 (1961).
[6] In so finding, we approve the holdings in Richard v. Teague, supra; Gautro v. Fidelity Fire and Casualty Insurance Company, supra; and Morris v. Stewart, supra.
[7] As previously discussed, the Third Circuit applied La.R.S. 22:1379(3)(d) retroactively, finding that LIGA was not liable for preinsolvency court costs incurred by Dixie Lloyds. Thus, all of the court costs incurred before Dixie Lloyds's insolvency (i.e., all costs incurred before December 20, 1992) were assessed to Liberty Lloyds, while the court costs incurred after Dixie Lloyds's insolvency were split between Liberty Lloyds and LIGA/Dixie Lloyds. If the court costs were being allocated under our holding today the result would not be different. Louisiana R.S. 22:1379(3)(d) would be liable for all of the court costs incurred by Dixie Lloyds, pre or postinsolvency, as well as for all of the court costs incurred by Liberty Lloyds, pre- or postinsolvency.

Nevertheless, our finding today does not change the original allocation of costs made by the court of appeal in Prejean v. Dixie Lloyds Insurance Company, supra. The judgment of the court of appeal is final and definitive as to that issue alone, and is not subject to review or modification. La.Code Civ.P. art. 2166.