WICKER, Judge.
| ^Plaintiff, Jefferson Parish Hospital District No. 2, Parish of Jefferson, State of Louisiana, d/b/a East Jefferson General Hospital (East Jefferson), filed a Petition for a Writ of Mandamus to Jon A. Gegen-heimer, the Clerk of Court for the Twenty-Fourth Judicial District (Clerk), directing him to accept for filing, without the payment of court costs, various motions and orders of dismissals of cases filed against certain health care providers and ultimately settled by East Jefferson. The basis of the petition is East Jefferson’s assertion that, as a political subdivision of the State, it is exempt from the payment of court costs pursuant to La. R.S. 13:4521.
It appears from the record that East Jefferson filed several suits against patients and their insurers, including the State Employees Group Benefits Program. 1 sThese matters settled out of court and East Jefferson sought to dismiss the actions with prejudice. Accordingly, East Jefferson filed motions and orders to dismiss the actions with prejudice. The Clerk requested remission of court costs due before filing the motions.[1] East Jefferson filed the petition for a writ of mandamus in the trial court seeking to have the Clerk accept the motions for dismissal without the payment of court costs. The petition was denied by the trial court and East Jefferson appeals. For reasons that follow, we affirm.
East Jefferson takes the position that it is immune from paying court costs in the settlement of cases in which it is the plaintiff. East Jefferson argues that “the only time a governmental entity has to pay court costs is when it is a defendant that has been cast in judgment and the judgment includes an award of court costs in a specific dollar amount against the governmental entity and in favor of the successful party,” as provided for by R.S. 13:5112.
East Jefferson further asserts that when, as in the matter before us, the governmental entity is a plaintiff which settles a case prior to any judgment being rendered, and the order dismissing the case with prejudice does not award costs, no costs are due. Finally, East Jefferson contends that the resolution of a case through settlement, as opposed to judgment, warrants a different result under La. R.S. 13:4521 B, which would normally require the exempted' entity to assist in the collection of court costs.
The Clerk counters with the argument that East Jefferson, as a plaintiff, has the obligation to assist in the collection of court costs due by the opposing litigants by requesting the court in question to tax costs in accordance with the provisions La. C.C.P. art.1920, as required by La. *61 R.S. 13:4521 B. The Clerk argues that the 1 ¿issue is not the payment of court cost by a governmental entity cast in judgment, but rather it is the obligation of a governmental entity as a plaintiff to assist the Clerk in collecting court costs from a defendant upon settlement. The Clerk asserts that East Jefferson is making a deliberate attempt to avoid paying or collecting the court costs.
Simply put, the Clerk interprets the applicable law to provide that a governmental entity is allowed to defer court costs during the litigation. However, when the matter has ended, the entity must pay the court costs if it is cast in judgment, or assist in the collection of the costs if it is victorious. Whether the case has ended with a court judgment or by settlement is of no consequence.
East Jefferson’s narrow interpretation of the law is that a governmental entity is immune from paying court costs until and unless it is cast in judgment for a fixed dollar amount.
This appeal presents a matter of first impression for our consideration that involves the interpretation of La. R.S. 13:4521, which provides in pertinent part as follows:
A. (1) Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state, including particularly but not exclusively those courts in the parish of Orleans and the city of .New Orleans. This Section shall also apply to the Louisiana Insurance Guaranty Association and the Louisiana Life and Health Insurance Guaranty Association in any judicial proceeding instituted by or against them. This Section shall also apply to the policyholder or other insured of an insolvent insurer in any judicial proceeding instituted by or against the Louisiana Insurance Guaranty Association and the Louisiana Life and Health Insurance Guaranty Association. This Section shall also apply to employees 1 fior agents of the state if they are named as defendants in a suit arising out of the course and scope of their employment or agency. Costs which are temporarily deferred pursuant to this Section cannot be shifted to opposing parties during the pendency of such deferment.
B. It shall be the duty of the exempted entities set forth above to assist in the collection of court costs due by the opposing litigants by requesting the court in question to tax costs in accordance with the provisions of Article 1920 of the Code of Civil Procedure. In this regard the entities are authorized to and shall withhold any court costs due by the opposing litigants, from any settlement payment to the said parties, and shall forward said costs to the clerk of court.
Our review of the applicable law persuades us that the trial court is correct in its ruling. East Jefferson, as a governmental entity, is allowed to file a lawsuit without the payment of costs pursuant to La. R.S. 13:4521 A. However, the last line of that section makes it clear that the exemption of the payment of costs is “temporarily deferred” and “cannot be shifted to opposing parties during the pendency of *62 such deferment.” Thus, East Jefferson is exempt from paying court costs in advance or as they accrue.
The Louisiana Constitution of 1978 Art. XII, Section 10(A) provides that the State can be held liable in tort and in contract. In Segura v. Louisiana Architects Selection Board, 362 So.2d 498 (La.1978), the Supreme Court held that costs are part of the liability to which a party cast in judgment is subject, and that the Louisiana Constitution of 1978 superseded the immunity afforded a governmental agency by statute. Thus, a plaintiff is entitled to recover court costs against a governmental agency.
Subsequently, the Louisiana Legislature amended R.S. 13:4521 A to provide that R.S. 13:5112, is an exception to the general rule. R.S. 13:5112 provides that the court:
.may grant in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, an award of such successful |fiparty’s court costs under R.S. 13:4533 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court.
East Jefferson urges this Court to apply that exception and rule that costs are payable only when a defendant has been cast in judgment, and the judgment includes an award of court costs in a specific dollar amount. Because we find that to be an incorrect interpretation of the statute, we decline to apply the exception to the matter before us.
Our interpretation of La. R.S. 13:5115 is that the exception is clearly intended to apply only when the State is a defendant, and is inapplicable in the instant case where the governmental agency is the plaintiff, and the case has been settled before going to a trial on the merits and subsequent judgment.
It is the responsibility of the Clerk to collect court costs to properly fund and support the court. Had East Jefferson prevailed in court after a trial on the merits, the defendants would have been liable for court costs. Further, La. C.C.P art. 5187 provides that:
No compromise shall be effected unless all costs due these officers have been paid. Should any compromise agreement be entered into in violation of this article, each party thereto is liable to these officers for all costs due them at the time.
In conclusion, we find that La. R.S. 13:4521 A provides a temporary deferment of court costs during the pendency of a lawsuit involving a State agency, and that the exception to that statute contained in La. R.S. 13:5112 is inapplicable to matters in which the State is the plaintiff and the matter is settled. We further find that La. R.S. 13:4521 B obligates the State to assist the Clerk in the collection of court costs. Finally, we hold when a State entity has filed suit against a defendant, and settles the matter out of court, the agency is obligated by La. R.S. 13:4521 B to assist the Clerk in collecting court costs from the defendant. Accordingly, we find the trial court’s judgment is correct in denying the petition for writ of mandamus.
i 7affirmed.

. The request for court costs contains a handwritten note that indicates a "memo of understanding between the Parish and the Clerk” exists acknowledging that the costs are due. However, that memo is not included in the record before this Court.