JUDE G. GRAVOIS, Judge.
12AppelIant, Jon Gegenheimer, in his official capacity as Clerk of Court of the 24th Judicial District Court in and for the Parish of Jefferson, has appealed a trial court judgment ordering that funds deposited with his office by appellee as court costs be returned to appellee. For the reasons that follow, we reverse.

FACTS AND PROCEDURAL HISTORY

Appellee in this proceeding, the State of Louisiana, through the Department of Transportation and Development (“DOTD”) filed suit against Lauricella Land Company, L.L.C. (“Lauricella”) and The Pep Boys — Manny, Moe & Jack, Inc. (“Pep Boys”) to expropriate land pursuant to LSA-R.S. 48:451, et seq., for the purpose of widening the approach to the Huey P. Long Bridge in Jefferson Parish. The Order of Expropriation was signed by the trial court on March 10, 2008. Lauricella and Pep Boys proceeded to withdraw *1126 funds from the registry of the court pursuant to this Order. On November 19, 2008, Lauricella filed an Answer and Reconven-tional Demand claiming that the amount paid by DOTD was ^insufficient to fully compensate it for the full extent of its loss for the taking.[1] The matter proceeded to a jury trial and a verdict was rendered in favor of Lauricella. DOTD appealed this verdict, which was affirmed by this Court. State, Dept. of Transp. and Dev. v. Lauricella Land, L.L.C., 10-790 (La.App. 5 Cir. 4/28/11), 65 So.3d 712.
After the verdict in favor of Lauricella was affirmed, Mr. Gegenheimer, in his official capacity as Clerk of Court of the 24th Judicial District Court (“Clerk”), refused to allow Lauricella to withdraw the full amount of funds on deposit to satisfy the judgment; rather, he attempted to retain the amount of court costs incurred by DOTD on behalf of the state during the pendency of the proceeding. By agreement with the Clerk, DOTD deposited additional funds with the Clerk in an amount equal to the court costs it incurred on behalf of the state in this matter ($4,559.94). This allowed Lauricella to withdraw the full amount awarded to it under the judgment that had been rendered in its favor.
DOTD then filed a motion requesting that a rule nisi be held ordering the Clerk to show cause why DOTD should not be refunded the $4,559.94 it deposited as court costs it incurred on behalf of the state pursuant to the agreement it had reached with the Clerk in this matter, plus the initial filing fee of $421.65 the Clerk charged it in this matter, which DOTD asserts that it had inadvertently paid. In its motion, DOTD asserted that it is an entity of the state, and as such, is exempt from assessment and payment of its own costs pursuant to LSA-R.S. 13:4521. In response to this motion, the trial court ordered the Clerk to show cause why DOTD should not be refunded all costs deposited in this matter incurred by DOTD on behalf of the state.
14At the hearing on the matter, DOTD argued that pursuant to the explicit wording of LSA-R.S. 13:4521, the court does not have authority to tax the state for its own costs, and correspondingly, the Clerk does not have authority to collect the costs incurred by the state. In response, the Clerk argued that the case law holds that state agencies are no longer immune from paying costs; rather, costs are temporarily deferred until the conclusion of the litigation. At the conclusion of the hearing, the trial court ruled in favor of DOTD, ordering the Clerk to refund said deposits of costs made by DOTD, prompting this appeal by the Clerk.

ASSIGNMENTS OF ERROR

In this appeal, the Clerk assigns the following errors, to-wit:

The trial court erred in finding that DOTD is not required to pay the court costs incurred by it in connection with this litigation.

The trial court further erred in ordering the Clerk of Court to return to DOTD the amount DOTD deposited in the registry of the court representing payment of court costs incurred by DOTD, and refund the additional costs incurred and paid by DOTD.

The Clerk argues that LSA-R.S. 13:4521 provides for the payment of court costs by the state, state agencies, and other governmental entities. Section (A)(1) of this statute provides as follows:
Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, *1127 nor any parish, municipality, nor other political subdivision, public board, or commission, nor any officer or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state, including particularly but not exclusively those courts in the parish of Orleans and the city of New Orleans. This Section shall also apply to the Louisiana Insurance Guaranty Association and the Louisiana Life and Health Insurance Guaranty Association in any judicial proceeding instituted by or against them. This Section shall also apply to the policyholder or other insured of an insolvent insurer in any judicial proceeding instituted by or against the | .^Louisiana Insurance Guaranty Association and the Louisiana Life and Health Insurance Guaranty Association. This Section shall also apply to employees or agents of the state if they are named as defendants in a suit arising out of the course and scope of their employment or agency. Costs which are temporarily deferred pursuant to this Section cannot be shifted to opposing parties during the pendency of such deferment.
The Clerk contends that this statute allows for the state to prosecute or defend an action in court without the prepayment of court costs as they accrue, but the payment of these costs is only temporarily deferred until the end of the litigation, at which time the state must pay the costs incurred by it unless these costs have been assessed to another party. In support of this argument, the Clerk explains that when LSA-R.S. 13:4521 was amended in 1992, to include the language: “Costs which are temporarily deferred pursuant to this Section cannot be shifted to opposing parties during the pendency of such deferment”, the legislature intended that the state’s own costs were merely deferred until the end of the litigation and not waived. The Clerk further explains that the 1993 amendment to this statute included the Louisiana Insurance Guarantee Association (“LIGA”) and the Louisiana Life and Health Insurance Guaranty Association (“LLHIGA”) as entities which are exempt from the prepayment of court costs. The Clerk concludes that, based on the timing of these two amendments (ie., since this amendment to LSA-R.S. 13:4521(A)(1) to include LIGA and LLHIGA came after the above-quoted 1992 amendment to said statute), the temporary deferment of costs applies not only to LIGA or LLHIGA, but also to all costs incurred by the state in the litigation, including its own costs.
DOTD notes that as passed in 1974, Section 10(A) of Article 12 of the Louisiana Constitution read: “Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.” DOTD acknowledges that pursuant to this repeal of sovereign | (Immunity of the state, the courts have included the state’s own court costs as items for which the state could be held liable. DOTD contends, however, that the 1995 amendment to Section 10 of Article 12 of the Louisiana Constitution restored the legislature’s authority to limit the waiver of sovereign immunity of the state. This amendment added the following provision to Paragraph (C) to Section 10 of Article 12, in pertinent part, to-wit:
Notwithstanding Paragraph (A) or (B) or any other provision of this constitution, the legislature by law may limit or provide for the extent of liability of the *1128 state, a state agency or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages ....
DOTD argues that under this amended constitutional provision, the legislature can by statute limit the extent of the liability of the state, a state agency, or a political subdivision of the state in all eases and for all types of liability, including court costs. DOTD then argues that the legislature did just that when in 1995 it passed a verbatim reenactment of LSA-R.S. 13:5112, which provides, in pertinent part:
(A) In any suit against the state or any department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable considerations as it would under Article 1920 or Article 2164 of the Code of Civil Procedure, as applicable, may grant in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, an award of such successful party’s court costs under R.S. 13:4533 and ■ other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court.
DOTD contends that the verbatim reenactment of LSA-R.S. 13:5112 is a solemn expression by the legislature that courts are constrained to tax costs against the state only in the manner and to the extent provided in LSA-R.S. 13:5112, and no further.
|7The Clerk contends that there is no temporary deferment of costs under LSA-R.S. 13:5112 because those costs are paid as they are incurred by the plaintiff (absent a pauper plaintiff) in a proceeding against the state. If the trial court determines that the state should be liable for the successful plaintiffs costs, the court can assess costs of the plaintiff against the state. DOTD responds that to interpret the deferral clause of LSA-R.S. 13:4521(A)(1) as referring to the state’s own costs will render the deferral clause meaningless.

ANALYSIS

The issue to be resolved in this case is whether the state, its agencies, or political subdivisions of the state can be made to pay its own incurred costs in a proceeding by or against it. A review of the legislative enactments and case law on this issue is instructive.
The Louisiana Constitution of 1974 provides that “[n] either the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.” La. Const, art. 12, § 10(A). In Segura v. Louisiana Architects Selection Board, 362 So.2d 498, 499 (La.1978), the Supreme Court held that court costs are part of the “liability’ to which a party is cast in litigation.[2]
Prior to its amendment in 1992, LSA-R.S. 13:4521(A) provided:
Except as provided in R.S. 13:5112, R.S. 19:12.1, R.S. 19:113.1, and R.S. 48:451.3, and as hereinafter provided, neither the state nor any parish, municipality, or *1129 other political subdivision, public board, or commission shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state or any such parish, municipality, or other political subdivision, board, or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the parish |8of Orleans and the city of New Orleans. This Section shall have no application to stenographers’ costs for taking testimony.
The plain language of this 1991 version of LSA-R.S. 13:4521(A) granted the state, its agencies, and political subdivisions of the state immunity from all court costs (with the exceptions provided for in the referenced statutes of 13:5112, 19:12.1, 19:113.1 and 48:451.3). In finding that the state, its agencies, and political subdivisions of the state could be liable for court costs, the Segura court reasoned that the Louisiana Constitution of 1974 superseded the immunity afforded the state, its agencies, and political subdivisions of the state by statute.
In June of 1992, the Louisiana legislature amended LSA-R.S. 13:4521(A) to add: “Costs which are temporarily deferred pursuant to this Section cannot be shifted to opposing parties during the pendency of such deferment.” In LIGA v. Gegenheimer, 93-3021 (La.4/21/94), 636 So.2d 209, the Supreme Court analyzed and interpreted this amendment to LSA-R.S. 13:4521(A). In LIGA, the Supreme Court stated that the “state, state agencies, and political subdivisions are no longer immune from payment of court costs.” The Court found that, after its decision in Segura, LSA-R.S. 13:4521(A) was amended to provide that “court costs due from the state and state agencies are ‘temporarily deferred.’ ” Again, in 1995, in its decision in Prejean v. Dixie Lloyds Ins. Co., 94-2979 (La.5/22/95), 655 So.2d 303, 307, modified on other grounds on reh’g, 94-2979 (La.9/15/95), 660 So.2d 836, the Supreme Court reiterated that “the state and state agencies are ‘exempt from the prepayment of court costs’ or have been given a ‘temporary deferment’ from the payment of court costs until a final judgment is rendered.” (Emphasis in original.) In so holding, the Court acknowledged that LIGA is responsible for its own court costs under. Title 22 of the Revised Statutes. However, the Court explained that pursuant to the 1993 amendment to 13:4521(A), the same | exemption granted to the state, its agencies, and political subdivisions of the state, ie., temporary deferment of court costs as they accrue, was then extended to LIGA by statute, stating: “[t]he temporary deferment afforded by La. R.S. 13:4521(A) was made applicable to LIGA in 1993.” 655 So.2d at 307.
In 1995, the Louisiana Constitution was amended to provide that the “legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages.” La. Const, art. 12, § 10(C). This 1995 constitutional amendment was approved by the legislature on June 16, 1995.[3] On June 27, 1995, following its approval of the constitutional amendment and subsequent to the Supreme Court’s decisions in LIGA and Prejean, the legislature reenacted LSA-R.S. 13:4521 and the deferral language remained unchanged as written in the statute.[4]
*1130 The legislature is • presumed to have enacted an article or statute in view of the prior law involving the same subject matter. and court decisions interpreting those articles or statutes. See Red Stick Studio Dev., L.L.C. v. State ex rel. Dept. of Econ. Dev., 10-0193 (La.1/19/11), 56 So.3d 181, 186. Accordingly, the legislature is presumed to have knowledge of the preceding Supreme Court decisions interpreting LSA-R.S. 13:4521 prior to the statute’s reenactment in June of 1995. When the legislature reenacted this statute, the legislature did not retract nor amend the deferral language contained in La. R.S. 13:4521(A), and thus, did not intend to change the law as interpreted by the Supreme Court in LIGA and Prejean.
| ^Additionally, in Jefferson Parish Hosp. Serv. Dist. No 2. v. Gegenheimer, 06-598 (La.App. 5 Cir. 11/28/06), 947 So.2d 59, writ denied, 06-2830 (La.2/2/07), 948 So.2d 1081, this Court addressed a matter of “first impression for our consideration that involves the interpretation” of LSA-R.S. 13:4521. This Court specifically analyzed Section (A) of LSA-R.S. 13:4521 and found that “the last line of that section makes it clear that the exemption of payment of court costs is ‘temporarily deferred’ and ‘cannot be shifted to opposing parties during the pendency of such deferment.’ ” Thus, this Court has also interpreted LSA-R.S. 13:4521(A) to extend an exemption to the state, its agencies, and political subdivisions of the state of prepayment of court costs. This interpretation of LSA-R.S. 13:4521(A) allows no distinction between the state, its agencies, or political subdivisions of the state as a plaintiff or as a defendant. Rather, the statute specifically states that the exemption is to the state, its agencies, and political subdivisions of the state in any action “instituted or prosecuted by or against” the state. Accordingly, it is our opinion that, because LSA-R.S. 13:4521(A) only provides for an exemption of prepayment to the state, its agencies, and political subdivisions of the state of its own incurred court costs, the state, its agencies, and political subdivisions of the state can be made to pay its own incurred costs in a proceeding by or against it.

CONCLUSION

For the foregoing reasons, the judgment of the trial court under review is hereby reversed.

REVERSED

. Pep Boys filed a similar claim, which was settled with DOTD.

. The 1978 version of LSA-R.S. 13:4521 discussed in Segura did not contain the deferral language disputed in the present case. Segu-ra simply provides the foundation to show that court costs are a "liability'' as contemplated by the Louisiana Constitution art. 12, § 10(A).

. This constitutional amendment was approved by the electors of this state at the election held on October 21, 1995. The governor proclaimed the adoption of the amendment on November 2, 1995. The effective date of the amendment is November 23, 1995.

. The Supreme Court granted a rehearing in the Prejean case on September 15, 1995. The original Prejean decision was reviewed and modified by the Court on different grounds. The effect, if any, of the constitutional amendment and reenactment of LSA-R.S. 13:4521 was not addressed by the Court.