(1) Proposed ordinances must be complete and in writing and may be introduced by any member at any meeting of the Council. Every ordinance shall embrace but one object except those approving the annual operating and capital budgets and codifications.
(2) After a proposed ordinance has been introduced, copies of it shall forthwith be prepared and distributed to each member of the Council and the Mayor and made available to the public.
* * *
(5) Proposed ordinances on any of the following specified subjects can be adopted only at a regular meeting of the Council and shall not be adopted until at least twenty calendar days have transpired beginning on the day after the date of introduction of the ordinance and not until a notice of the introduction of such proposed ordinance shall have been published in the official journal of the City not less than seven calendar days nor more than fourteen calendar days after the introduction thereof, which notice shall state the substance of the proposed ordinance and the date of the meeting at which the Council shall begin its consideration thereof:
* * *
(b) Imposing any license, requiring any permit, establishing any charge for services rendered, or increasing the rate of any license, fee, or utility charge.
(c) The adoption, amendment, or comprehensive revision of the Master Plan or the Comprehensive Zoning Ordinance, including without limitation text amendments, zoning or rezoning, or changing the zoning districts or classifications.
* * *
(9) Votes at final passage shall be taken by ayes and nays and the names of *467 the councilmembers voting for and against each proposed ordinance or amendment shall be entered upon the journal of proceedings to be kept of all transactions of the Council.
(10) No proposed ordinance shall be adopted except by the affirmative vote of a majority of all members of the Council. [Emphasis added].
New Orleans, Home Rule Charter, Art. III, § 3-112.
CZO Sec. 4.3 addresses applications for conditional use.[9] Sec. 4.3.D.4, which is the provision primarily at issue in this case, provides for action of the City Council after the CPC acts on a conditional use request. It states:
a. The City Council shall hold a public hearing in accordance with its rules and take action by motion of approval , modified approval, or denial sixty (60) days from receipt of a City Planning Commission recommendation. The City Council may not take official action upon any application requiring a recommendation of the City Planning Commission until the report of the Commission has been received or, if the City Planning Commission has failed to act by a vote of the majority of the Commission members, once the application has been forwarded to the City Council without recommendation.
b. If the City Council fails to take action by motion sixty (60) days from receipt of the City Planning Commission recommendation, the application is denied. If the application is forwarded to the City Council without recommendation from the City Planning Commission and the City Council fails to take action by motion sixty (60) days from the date *468 it received the application, the application is denied.
c. If the City Council takes action by motion of approval or modified approval, the City Council shall forward the motion to the City Law Department for preparation of an ordinance. Once the ordinance is introduced by the City Council, the ordinance shall layover a minimum of twenty-one (21) days before the Council may adopt it. The City Council shall adopt the final ordinance ratifying its decision within ninety (90) days of the date that it took action by motion. [Emphasis added].
New Orleans, CZO, § 4.3.
The parties dispute the interpretation of the last sentence of CZO Sec. 4.3.D.4(c). The City claims that Sec. 4.3.D.4(c) simply sets forth the time frame for the City Council to vote and does not require it to adopt an ordinance. Plaintiffs, however, claim there is no ambiguity in the last sentence of the provision and that it clearly states that the City Council "shall adopt" the ordinance ratifying the May 24, 2018 decision to grant conditional use within ninety days. Accordingly, Plaintiffs argue the City Council had a ministerial duty to adopt the conditional use ordinance approved on May 24, 2018. Plaintiffs also maintain the City Council's decision to reverse and deny the ordinance after approving the ordinance was contrary to CZO Sec. 4.3.D.4(c).
The Louisiana Supreme Court discussed the interpretation of statutes in Pumphrey v. City of New Orleans , 2005-0979, pp. 10-11 (La. 4/4/06), 925 So.2d 1202, 1209-10, and stated in pertinent part:
The fundamental question in all cases of statutory interpretation is legislative intent and the ascertainment of the reason or reasons that prompted the Legislature to enact the law. In re Succession of Boyter, [19]99-0761, p. 9 (La. 1/7/00), 756 So.2d 1122, 1128. The rules of statutory construction are designed to ascertain and enforce the intent of the Legislature. Id.; Stogner v. Stogner, [19]98-3044, p. 5 (La. 7/7/99), 739 So.2d 762, 766. Legislation is the solemn expression of legislative will, and therefore, interpretation of a law involves primarily a search for the Legislature's intent. La. [R.S.]1:4 (2004); La. [C.C.] art. 2 (2004) ; Lockett v. State, Dept. of Transp. and Development, [20]03-1767, p. 3 (La. 2/25/04), 869 So.2d 87, 90.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. La. [C.C.]art. 9 (2004); Lockett, [20]03-1767 at p. 3, 869 So.2d at 90-91 ; Conerly v. State, [19]97-0871, p. 3-4 (La. 7/8/98), 714 So.2d 709, 710-11. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the words of law must be given their generally prevailing meaning. La. [C.C.] arts. 10 and 11 (2004) ; Lockett, [20]03-1767 at p. 4, 869 So.2d at 91 ; Ruiz v. Oniate, [19]97-2412, p. 4 (La. 5/19/98), 713 So.2d 442, 444. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole, and laws on the same subject matter must be interpreted in reference to each other. La. [R.S.] 1:3 (2004) ; La. [C.C.] arts. 12 and 13 ; Lockett, [20]03-1767 at p. 4, 869 So.2d at 91.
The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same *469 subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting it. Boyter, [19]99-0761 at p. 9, 756 So.2d at 1129 ; Stogner, [19]98-3044 at p. 5, 739 So.2d at 766. The statute must, therefore, be applied and interpreted in a manner, which is consistent with logic and the presumed fair purpose and intention of the Legislature in passing it. Boyter, [19]99-0761 at p. 9, 756 So.2d at 1129. This is because the rules of statutory construction require that the general intent and purpose of the Legislature in enacting the law must, if possible, be given effect. Id.; Backhus v. Transit Cas. Co., 549 So.2d 283, 289 (La. 1989). Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. Boyter, [19]99-0761 at p. 9, 756 So.2d at 1129. It is likewise presumed that the intention of the legislative branch is to achieve a consistent body of law. Stogner, [19]98-3044 at p. 5, 739 So.2d at 766.
Using the aforementioned principles, the trial court erred in interpreting CZO Sec. 4.3.D.4(c) as providing for a ministerial duty to definitively adopt a proposed ordinance. A vote to approve the May 24, 2018 motion does not legally bind the City Council to then affirmatively adopt an ordinance as final. Although the last sentence provides the City Council shall adopt the ordinance ratifying the decision within ninety days from the date it acted on the motion, the previous sentence provides the City Council may adopt it after a minimum of twenty-one days from when the City Council approved the motion. Reading the sentences together and in reference to each other, as the rules of interpretation provide, we conclude that the last statement of the CZO Sec. 4.3.D.4(c), sets forth a time period for which the City Council must vote on a proposed ordinance and does not obligate that the City Council to accept it. Otherwise, the second sentence of CZO Sec. 4.3.D.4(c) giving the City Council discretion in which it may or may not adopt an ordinance would be superfluous. A vote to adopt or deny a proposed ordinance thus is within the City Council's discretion, contrary to Plaintiff's assertions, and thus is not a ministerial duty in which a mandamus could be issued. Accordingly, the trial court erred in ordering the City Council to adopt and ratify the proposed ordinance, as it is vested in discretion. See Humane Soc'y of New Orleans v. Landrieu , 2013-1059, p. 4 (La. App. 4 Cir. 2/26/14), 135 So.3d 1195, 1197 (a mandamus is not available to compel performance that requires the exercise of discretion, "however slight").
Additionally, as discussed above, Home Rule Charter, Sec. 3-112(9) provides that votes at final passage of an ordinance shall be taken by a vote of the Councilmembers voting for and against each proposed ordinance. Sec. 3-112(10) also states that no proposed ordinance shall be adopted except by the affirmative vote of a majority of all members of the City Council. These provisions further demonstrate the City Council's authority to accept or deny a proposed ordinance. The Home Rule Charter does not mandate the City Council affirmatively vote in favor of an ordinance.
Pursuant to the Home Rule Charter and the CZO, a vote of the City Council is discretionary and cannot be compelled by a writ of mandamus. Therefore, the trial court erred in granting the writ of mandamus and ordering the Councilmembers to vote to adopt and ratify the proposed conditional use ordinance.
*470 Exceptions of No Cause of Action and Prematurity
The City argues that the trial court erred in denying its exception of no cause of action and its exception of prematurity.[10] However, because we reverse on the mandamus, any discussion on the exceptions is pretermitted.
Court Costs
The City also argues this Court should order and assess all court costs of defending this matter against Plaintiffs under La. R.S. 13:4521(A)(1).[11] This statute addresses temporary deferment of court costs during the pendency of a lawsuit involving a state or its subdivisions, and provides, in relevant part:
Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as provided in this Subsection, the state, any political subdivision as defined in this Section, and any agent, officer, or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties may temporarily defer court costs, including cost of filing a judgment dismissing claims against the state, political subdivision, or agent, officer, or employee thereof, in any judicial proceeding instituted or prosecuted by or against the state, any political subdivision, or agent , officer, or employee thereof in any court of this state or any municipality of this state , including particularly but not exclusively those courts in the parish of Orleans and the city of New Orleans... Costs which are temporarily deferred pursuant to this Section cannot be shifted to opposing parties during the pendency of such deferment; however, when a final judgment is rendered dismissing all claims against the state, a political subdivision, or agent, officer, or employee thereof and when the judgment taxes costs of the state, political subdivision, or agent, officer, or employee thereof against the opposing party in accordance with the provisions of Code of Civil Procedure Article 1920, the opposing party shall be condemned to pay the temporarily deferred court costs. [Emphasis added].
La. R.S. 13:4521(A)(1).
Here, there is no judgment taxing the City's court costs to Plaintiffs. Moreover, in State, Dep't of Transp. & Dev. v. Lauricella Land Co. , 12-384, p. 10 (La. App. 5 Cir. 12/11/12), 106 So.3d 1124, 1130, the Fifth Circuit determined that "because La. R.S. 13:4521(A) only provides for an exemption of prepayment to the state, its agencies, and political subdivisions of the state of its own incurred court costs , the state, its agencies, and political subdivisions of the state can be made to pay its own incurred costs in a proceeding by or *471 against it. " (emphasis in original). Accordingly, neither the state nor its political subdivisions is immune from court costs unless such immunity is statutorily provided. Jefferson Par. Hosp. Dist. No. 1 v. K & B Louisiana Corp. , 13-508, 13-730, p. 10 (La. App. 5 Cir. 3/12/14), 138 So.3d 51, 56. Additionally, under the provisions of the statute, an opposing party, such as Plaintiffs, is not necessarily required to pay the City's temporarily deferred costs absent a judgment dismissing the claims and taxing the costs of the state agency or political subdivision against it. Further, La. R.S. 13:4521(A)(1), references La. C.C.P. art. 1920, the article providing for the trial court assessment of costs.[12] Thus, it is within the discretion of the trial court to assess costs against the parties. We decline the City's request for an award for costs.
CONCLUSION
For the reasons expressed above, we find that the trial court erred in granting the petition for writ of mandamus and ordering the Councilmembers to affirmatively vote to adopt and ratify the conditional use request. The City Council has the discretion to adopt and enact a proposed ordinance in zoning matters and thus it is not a ministerial act which can be compelled by writ of mandamus. The December 14, 2018 judgment of the trial court is therefore reversed. Further, the City's request for court costs is to be determined by the trial court. Accordingly, we reverse the trial court's ruling and remand the case for assessment of court costs.
REVERSED AND REMANDED

CZO Sec. 4.3.A provides the purpose of conditional use and states:
Within each zoning district, the use of land and structures are substantially uniform. However there are certain uses that, because of their unique characteristics, cannot be properly classified in certain districts without consideration, in each case, of the impact of those uses upon neighboring land and of the public need for the particular use at the particular location. These uses are allowed as conditional uses within the zoning districts. This section sets forth the standards used to evaluate proposed conditional uses and the procedures for approving conditional uses. The designation of a use in a zoning district as a conditional use does not constitute an authorization or assurance that such use will be approved. No conditional use may be established and no building permit may be issued for any use designated as a conditional use within a zoning district until a conditional use ordinance is adopted by the City Council and final drawings are submitted to and approved by the Executive Director of the City Planning Commission. [Emphasis added].
CZO Sec. 4.3.B(1) states that the "City Council may initiate a Conditional Use application by adoption of a motion." CZO Sec. 4.3.C then provides that the "City Council, after receiving a recommendation from the City Planning Commission, shall take formal action on requests for conditional uses." Pursuant to CZO Sec. 4.3.D.3 the CPC then votes to approve or deny a conditional use request. Sec. 4.3.D.3(c) provides:
The City Planning Commission shall recommend approval, modified approval, or denial sixty (60) days from the opening of the public hearing. The City Planning Commission may also vote to defer action within City Charter required timeframes in cases where it discovers applicants have not submitted complete and accurate information, including but not limited to errors or omissions in following the Project NPP. The failure to resolve a finding of incomplete or inaccurate information may be grounds for recommending denial. If the City Planning Commission fails to act by a vote of the majority of the Commission members, the application will be forwarded to the City Council without recommendation of no legal majority. The City Planning Commission's written recommendations, together with the staff report and recommendation, if any, shall be filed with the Clerk of the City Council.

"Generally speaking, there is no appeal from a judgment overruling exceptions because such a judgment is simply interlocutory in nature." Trahant v. Perez , 2002-1414, pp. 8-9 (La. App. 4 Cir. 3/19/03), 843 So.2d 479, 484 (quoting Allied Nav. Co. v. International Org. of Masters, Mates & Pilots , 272 So.2d 23, 25 (La. App. 4 Cir.1973) ). However, "[a]n appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to them, in addition to the review of the final judgment when an unrestricted appeal is taken." Maqubool v. Sewerage & Water Bd. of New Orleans , 2018-0572, p. 3 (La. App. 4 Cir. 11/14/18), 259 So.3d 630, 632-33 (quoting Orleans Par. Sch. Bd. v. Lexington Ins. Co., 2011-1720, p. 10 (La. App. 4 Cir. 8/22/12), 99 So.3d 723, 729 ).

The City raised this issue before the trial court. The City argued in the exception of no cause of action that Plaintiffs be condemned to pay the temporarily deferred court costs associated with defending against Plaintiffs' claims. Plaintiffs do not address the City's request for costs in their brief.

See La. C.C.P. art. 1920 (providing "[u]nless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause" and that "[e]xcept as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable"); Jefferson Par. Hosp. Dist. No. 1, 13-508, p. 11, 138 So.3d at 56 (the trial court has great discretion in awarding costs; while it is the general rule that the party cast in judgment should be taxed with costs, the trial court may assess costs in any equitable manner and against any party in any proportion it deems equitable).